## CRAM *a.* BRADFORD.

*Supreme Court, Second District; General Term, January,* 1857.

REFERENCE.—NON-ANSWERING DEFENDANT.—ISSUES.

An order which directs a reference in a case in which a reference is not authorized by law, is an appealable order.

As against a non-answering defendant in foreclosure, it is irregular to combine in one reference the inquiry as to the amount due, with the trial of issues between the plaintiff and other defendants, and to enter judgment as of course upon the report, without application to the court for judgment against the non-answering defendant.

In a suit for the foreclosure of a mortgage, against several defendants, one of them appeared but failed to answer, while the others joined issue. The cause being before the court in its order on the calendar, upon notice of application for relief as against the non-answering defendant, but there being no one in attendance on his behalf, and upon notice of trial as against the others, an order of reference of " the matter in controversy" was made. The referee proceeded to report not only upon the " issue" in the cause, but also upon the plaintiff's right to relief as against the non-answering defendant; and upon the report the plaintiff entered judgment as of course, for foreclosure and sale, and against the non-answering defendant for any deficiency. That defendant moved to set aside the judgment for irregularity.

*Held,* 1. That the reference was regular as to the defendants who joined issue.

2. That it was irregular as against the defendant who did not answer, (there being no issue between him and plaintiff,) to direct any other reference than one to ascertain and report the amount due for the information of the court.

3. That the defect might be cured after judgment and sale by a reference to compute the amount due, the judgment to stand until the coming in of the report, and then to be modified conformably thereto.

Appeal from an order of the special term denying a motion to set aside a judgment for irregularity.

This action was brought by Henry A. Cram against Hezekiah Bradford, Horatio Allen, George T. Allen, Thomas O. Cutler, and others. Judgment of foreclosure and sale having been entered, a motion was made by H. Bogert, Esq., attorney of the defendant Bradford (having been substituted as such, after judgment, in place of the attorneys previously employed) on behalf of Bradford, *first,* to set aside the judgment, as against him, for irregularity; and *second,* that even if the judgment were held regular, it might be opened, and he be permitted to defend on the merits. The motion was denied in both branches. The de-

fendant Bradford now appealed from the order, on the ground
that the judgment was irregular.

The proceedings, so far as they appeared from the *judgment-
roll* alone, and so far as the irregularity was concerned, were as
follows :—

The complaint was for the foreclosure of a mortgage for about
$21,000. The defendant Bradford was original mortgagor and
bondsman. The defendants Allens, Thomas O. Cutler, and
others, were joined as encumbrancers.

The defendant Bradford appeared, but did not answer. The
Allens answered, contesting the priority of plaintiff's mortgage.
This was the only issue joined. The defendant Cutler did not
answer.

On May 4, 1855, without, so far as appeared from the *judg-
ment-roll*, any notice to Bradford, an order was made on motion,
on behalf of the Allens, that the cause be referred to a sole
referee, " to hear and determine the same."

On the 7th of May notice was served by plaintiff's attorney on
the attorneys for the respective defendants, of a meeting before the
referee.

The referee reported on the issue joined by the Allens, and
proceeded also to compute the amount due on the mortgage from
defendant Bradford, and reported that the plaintiff was entitled,
as against Bradford, to judgment of foreclosure and sale and per-
sonal judgment for any deficiency.

On the coming in of the report, the plaintiff's attorney served
on the respective attorneys for the defendants, notice of a motion
for an order confirming this report, and for judgment thereon
pursuant to it, and for the relief demanded in the complaint.

This motion was not granted, but on the 19th of November an
order was made simply that plaintiff have leave to proceed to
enter judgment.

The plaintiff thereon proceeded to enter as a matter of course,
and upon the report of the referee, a judgment of foreclosure and
sale with personal judgment against the defendant Bradford,
for any deficiency.

On the hearing of the motion at the special term, the following
additional facts, not disclosed by the judgment-roll, were shown
by affidavits read to oppose the motion.

That a notice was duly served on the attorneys of Bradford,

that the issue of fact would be brought on for trial, and application made to the court for the relief demanded in the complaint. That when the cause came on, pursuant to the notice, no one appeared for Bradford, but the counsel for the Allens moved for a reference; which was opposed by plaintiff, but granted by the court. That the defendant Bradford also failed to appear pursuant to the notice of application for judgment on the report. That counsel for the Allens appeared and opposed the motion, and the court held that the plaintiff must enter his judgment on the report, and that the court had no power to make any order of confirmation. That the plaintiff objected that the fact that Bradford had put in no answer, might render the order of the court necessary. That the court held that his non-appearance pursuant to the notice of the application, rendered it unnecessary. That the court gave plaintiff leave to withdraw his application, but he did not withdraw it.

In addition to the papers showing these facts, there were read, on the part of the defendant Bradford, an affidavit of merits, and affidavits setting forth at length the facts out of which his proposed defence arose; and he asked that if the judgment were vacated he might be permitted to answer. On the part of the plaintiff, affidavits were read to rebut that defence. We give, however, only so much of the argument and opinion of the court as relates to the question of irregularity.

On the argument of the appeal a preliminary objection was taken by the respondent, that an order of reference was not appealable, it being discretionary with the court to grant a reference or refuse it. The objection was reserved for consideration, and the argument upon the merits of the appeal was directed to proceed.

*Benj. V. Abbott* for the appellant.—I. If the defendant Bradford is entitled to have this motion determined upon the judgment-roll itself, as it stood when the motion was made, and as it still stands, then there can be no doubt that the judgment is irregular. Although he did not answer, he was entitled to have the plaintiff's claim to the relief demanded passed upon by the court itself. The court, and the court alone, can pass judgment upon such a claim. A reference may be directed against a non-answering defendant, to take proof of the facts stated in the complaint, but the court cannot delegate to a referee the power

of rendering judgment against the defendant. Such a delega-
tion is a thing entirely distinct from the ordinary reference on
default in foreclosure cases. That reference is only to report
facts for the information of the court. It is expressly authorized
by law, and its sphere is thus expressly defined. (*Code*, § 246,
*subd.* 2.) But the fundamental principles of jurisprudence for-
bid the court to delegate its powers, or to clothe a private citizen
with its jurisdiction, except in the cases expressly prescribed by
law. Certain powers, in certain cases, may be delegated, but
the power to render judgment of foreclosure and sale, and per-
sonal judgment for the deficiency, is not, in the case of a non-
answering defendant, permitted to be thus delegated. That
power must be exercised by the court, and by the court alone.
(*Code*, § 129, *subd.* 2; § 246, *subd.* 2; Ryan *a.* McCannell, 1
*Sandf.*, 709; *S. C.*, 1 *C. R.*, *N. S.* 330; The Connecticut River
Banking Company *a.* Voorhies, 3 *Abbotts' Pr. R.*, 171; and see
Aymar *a.* Chase, 12 *Barb.*, 301; *S. C.*, 1 *C. R.*, *N. S.* 330.) In
the present case, this power has not been exercised by the court.
A referee has been substituted in place of the court, in a man-
ner unauthorized by law. Upon his report, the plaintiff has
assumed to enter a judgment of a nature for which the mere
report of a referee is no sufficient legal basis.

II. Before the Code, there certainly was no authority confer-
red by law upon the court to direct a reference of the interests
of a non-answering defendant in foreclosure, so as that judgment
could be entered upon the report without the further order of
the court; unless it might be in the case of a long account,
which is not here pretended. The Code has much enlarged the
system of reference, but not so much as to sustain this judg-
ment. The only provisions which authorize a reference and the
entry of judgment upon the report direct, and as matter of
course, are section 270, and subdivision 1 of section 271. The
first provides that " all or any of the *issues* in any action may
be referred" upon *written consent* of the parties; the second,
that an " *issue* of fact" involving the examination of a *long
account*, may be referred. Neither of these provisions embrace
the case at bar, for here was neither written consent, nor was
there an issue of fact. The only reference which can be ordered
against a non-answering defendant in foreclosure is a reference
for the information of the court. By the plain language of the

sections cited, the authority to direct a reference upon written consent, or on the ground of a long account, is limited to the case of *issues*. (See Diddell *a.* Diddell, 3 *Abbotts' Pr. R.*, 167.) That this is the true limit of the authority conferred by the section, appears from an examination of the co-related sections. 1. Thus section 272 provides that " the report of referees upon the *whole issue* stands as the decision of the court, and judgment may be entered thereon in the same manner as on trial by the court. When the reference is to *report facts*, the report has the effect of a *special verdict*." There can be no report on the whole issue in case of a non-answering defendant, for there is no issue. Then, the report must stand as a *special verdict*. Now, it is the effect of a special verdict to leave the judgment *to the court*. (*Code*, § 260.) 2. Thus, under the old practice, there could be in this case only a reference to report facts, upon which the court should render judgment. Now chapter V. of the Code, which embraces the provisions enlarging the system of reference, provides no mode of proceeding before referees additional to those known under the old practice, except that it authorizes *trial* in certain new cases. That chapter is entitled *Trial by Referees*. Now a trial is defined by section 252, to be the judicial examination of the *issues* between the parties, and section 248 defines the *issues* thus : " Issues arise upon the pleadings when a fact or conclusion of law is maintained by one party, and *controverted* by the other." Here, by failing to answer, the defendant Bradford *admitted* every fact and conclusion of law maintained by the plaintiff, and submitted his rights to the judgment of the court. That under the definitions of the Code, there can be no *trial* where there is no *issue*, was lately decided by this court in Pardee *a.* Schenck (11 *How. Pr. R.*, 500. See also Matthews *a.* Jones, 1 *E. D. Smith*, 429). Now chapter V. does not abrogate those modes of proceeding to ascertain facts before referees which were in use under the old practice ; but it certainly authorizes nothing new, except *trials*. Here, there being no *issue*, there could be no *trial*, and the referee could not be authorized to do any thing affecting the interest of the defendant Bradford, excepting to *report the facts* for the information of the court. 3. Thus again, "judgment" * * * (except in certain cases not in point) " shall, in the first instance, be entered, upon the direction of a single judge, or report of

referees." (*Code,* 278.)  Now, as it is only upon the report of referees upon the whole *issue* (§ 272) that judgment can be entered directly, it is clear that in this case, where there was no issue, it could only be entered upon the direction of a judge. 4. From this comparison of the various sections, it is evident, that in foreclosure cases judgment against a non-answering defendant can only be entered (under § 246, *subd.* 2) on an application to the court for the relief demanded in the complaint. That section provides that the court may take the account, or hear the proof of the facts necessary to be proved, or may, in its discretion, order a reference for that purpose.  But the reference can be for that purpose only.  The *court* must render the judgment, though they may render it upon a report.  There is no permission given to delegate the power to render judgment, and, without permission, it clearly cannot be done.  This view is confirmed by the decision in Gracie *v.* Sheldon (3 *Barb.,* 232).

IV. The facts disclosed for the first time by the plaintiff's affidavit read upon the motion below, and now relied upon, as showing a waiver of defendant's rights, do not defeat our right to relief. 1. Suppose the judgment-roll showed a non-appearance by the defendant, pursuant to a regular notice of the application for relief, this would not answer our motion.  Clearly, such non-appearance would by no means import a permission to the plaintiff and the court to do what they liked with the cause; but only a license to them to take, at their option, either one of the various courses appointed by law to be pursued in such suits.  In other words, the failure to attend was a waiver of any *objections* to the granting of the relief applied for, but not of the right of the defendant to have the judgment of the court upon the application for the relief.  Such non-appearance would have authorized the court to exercise the power invoked by the notice in any of the modes in which that power is by law allowed to be employed.  But it would not give power to do what the law does not authorize to be done in any case. 2. But there was, it is said, a *second* notice after the coming in of the report, of an application for judgment.  The defendant Bradford, by failing to attend, undoubtedly relinquished all objection to the rendering of judgment by the court; but he by no means relinquished the right to the *court's* judgment.  It was nothing but a *default,*

Cram *a.* Bradford.

and a default entitles the moving party to nothing else than the order asked for in the notice. To construe the non-appearance as is contended for, is equivalent to saying that in case of default the proper practice is, not to grant the moving party the order asked for by default, but to suggest to him to go on and do whatever he desires to—issue an attachment, sell the property of minors, take a prisoner from the custody of the sheriff, take papers off the files of the court, enter a judgment, or whatever the object of the application may be—*without* any order of the court. The judgment of the court upon the rights of the defendant was what was asked for in the notice, and it was what was required by law. The non-appearance was a consent that that judgment might be rendered, but by no means that it might be dispensed with.

V. It is no answer to the motion to say that the irregularity pointed out is one of very little consequence; that if the mortgage debt is due, it is to be unimportant whether the court or a referee directs the land to be sold for the payment. Every man has a substantial right, if he chooses to exercise it, to hold his property against every attempt to take it from him, except such as is made under authority of the State, according to the forms and rules prescribed by law. We are accustomed to base the power of the State over the property of citizens upon a supposed or implied social compact between society and the individual, whereby the natural rights of man are, in a degree, exchanged for a protection promised to be extended over him by his fellows. That compact is reciprocal, and its reciprocity must be preserved. And while the rights and liabilities of the defendant Bradford are undoubtedly such as they would be if he had compacted with society to surrender up his property at the lawful mandate of an officer of the State, authorized to deprive him of it, and proceeding so to do in a proper and authorized way; yet it is one of the considerations of that compact, that his fellow-citizens have undertaken to protect him, on demand, against every attempt to take his property from him which may be made without authority from society. That protection must be extended to the citizen whenever it is invoked. No man is to say to the applicant that the protection would be so little worth that it shall not be given him. If he chooses to take the trouble and bear the expense of seeking that protection, it must be awarded

him; and he must be left to settle the account of profit and loss in his own books.

VI. We contend, then, by way of recapitulation :—*First.* That the judgment-roll, as the plaintiff has framed it, being clearly incomplete and irregular,—both in this, that it shows no notice to the defendant of any application to the court for relief—and in this, that it shows no adjudication by the court upon the claim,—our motion should be heard upon the roll as it stands, and that as a consequence, the judgment should be declared irregular. *Second.* That even if the plaintiff be permitted to introduce his supposed proof of notice of an application for relief, so as to place the defendant Bradford in default thereon, the judgment is still irregular, for want of an adjudication by the court, pursuant to the notice; it cannot be sustained upon the report of the referee.

The respondent in person.—I. There is no irregularity in the judgment. Section 271 of the Code provides that where the parties do not consent, the court "*may direct* a reference" in three cases; the first of which is "where the trial of an issue of fact shall require the examination of a long account on either side." They may direct a "reference;" not a "reference of the issue" merely, there is no such limitation upon the power. The language is more general, and has always been construed as empowering the court to direct a reference of the *whole cause*, wherever it contained an *issue* involving the examination of a long account. Here there was between the plaintiff and the defendants Allens, an issue which involved the examination of an account. It was discretionary with the court to say whether the account was a "long" one or otherwise; and whether, if it was so considered, a reference should be had or not. But the court had the *power*, if it saw fit, to direct the whole controversy to be referred; and the exercise of this power, in the discretion of the court, is not to be drawn in question on this appeal.

II. When the cause was noticed for trial, a notice of an application to *the court* for relief, was given to the defendant Bradford. The cause was before the court upon these two notices when the order of reference was made. It was regular to make the order upon the notices given; or if it was not, the defendant

cannot object, because it is not specified in his notice as an irregularity relied on. (*Rule* 25.)

III. Plaintiff was entitled to enter judgment upon the coming in of the referee's report, without any further application to the court. He, however, made a second application, giving the requisite notice. This was unnecessary, but cannot prejudice plaintiff.

IV. The appearance of the defendant Bradford before the referee, and his failure to appear on the last application to the court, pursuant to the notice given him, operate as a waiver of all objections to the irregularity, if any were shown.

*George Wood*, in reply.

By THE COURT.*—S. B. STRONG, J.—It seems to me that the order made at the special term is appealable. The defendant Bradford had a right to have this case, so far as it relates to him, referred, if at all, pursuant to the Code, and to be heard when the report of the referee was presented for confirmation. It was not discretionary in the court to grant or refuse a statutory right. The order has reference to the amount due, and any question as to that involves the merits of the controversy.

The appellant has furnished no sufficient excuse for not putting in an answer in season, and none at all for the long delay which subsequently intervened. He cannot, therefore, now claim to be let in to answer as a matter of strict right. Neither am I satisfied, after a careful perusal of all the papers, that he has sufficient merits to allow him to interpose an affirmative defence, upon any terms.

[We omit here some remarks of the court, relative only to the merits of the defence proposed to be set up.]

The reference was regular as to the parties who had answered. It was irregular, however, as to the appellant, between whom and the plaintiff there were no issues to decide. As to him, all that could be done as to a reference (he having given no consent), was to ascertain and report the amount due. The appellant may yet claim to have this done. Probably, as suggested by the plaintiff, the appellant will not be injured if he should be, as the plaintiff proposes, relieved from personal responsibility. But that cannot be assured as a certainty. Although the

* Present, S. B. Strong, Emott, and Birdseye, JJ.

appellant has made an assignment for the payment of his debts, there may be a surplus, or he may retrieve his circumstances so as to be able to satisfy his creditors.

The order made at special term should be modified, and there should be a reference, as far as it relates to the appellant, to ascertain and report the amount due on the two mortgages. The judgment to remain, however, with a stay of proceedings until the presentation and confirmation of the report, and then the amount to be made conformable to said report.

BIRDSEYE, J., delivered an opinion to the same effect.

---

## DORMAN *a.* KELLAM.

*Supreme Court, Sixth District ; General Term, October,* 1856.

JOINDER OF CAUSES OF ACTION.—SEPARATE STATEMENT.—HOW ENFORCED.

A demurrer does not lie to a complaint for the defect of not separately stating two or more causes of action; they being such as might be united in one complaint, if properly stated.

The proper practice in such case is, to strike out of the complaint on motion, every allegation not essential to a single cause of action.

Appeal from a judgment of the special term sustaining a demurrer to a complaint.

The action was by Daniel D. Dorman against Jeptha Kellam. The complaint was upon two promissory notes made by the defendant payable to bearer, and transferred to the firm of Dorman & Berg, of which firm the plaintiff was surviving partner. The notes were set forth in the complaint together, in one count or statement. Copies of the notes were given in the complaint, and these were numbered I. and II. respectively ; but there was no other attempt to state them separately, or as distinct causes of action.

The defendant demurred to the complaint, and assigned twelve different causes of demurrer, among which were the following :—

1. That several causes of action were improperly united.