WARREN LELAND, Respondent, *v.* HENRY H. HATHORN, Appellant.

An action brought to restrain the erection of a bridge over a public highway, to connect buildings of the defendant standing on opposite sides of such highway, on the ground that such erection will injure property of the plaintiff by cutting off the view and light and air therefrom, is local, and not transitory, and must be tried in the county where the real property is situated, under section 123 of the Code of Procedure.

An order, denying a motion to change the place of trial to the county where such real property is situated, is appealable to this court.

APPEAL from an order of the General Term of the Supreme Court in the second district, affirming an order of the Special Term, denying the defendant's motion to change the place of trial from the county of Westchester to the county of Saratoga, on the ground that the latter is the proper county.

The complaint alleges, that the plaintiff is the owner of the Union Hotel, in the village of Saratoga, and, as such owner, was assessed and paid $1,040.35 for the laying out of Spring street, in that village; that the defendant occupies premises opposite to the property of the plaintiff, and has prepared a

bridge, which he threatens to erect and maintain over Spring street; that such bridge will be an obstruction of the public use and enjoyment of that street, and a public nuisance, and will also injure the property of the plaintiff, by lessening the rents and value of certain stores owned by him, and injuring the business of his hotel, by cutting off the view therefrom and depriving him and the guests of his hotel of light and air. An injunction is prayed, perpetually restraining the defendant from erecting or maintaining such bridge.

The answer alleges that the defendant is the owner of the land and buildings on each side of Spring street, and of the street itself, subject to the easement of the public therein as a highway, and that he proposes to connect his premises on each side of the street by a light open bridge, so high as not to interfere with the use of such street as a highway, and more than 200 feet distant from any premises occupied by the plaintiff or his guests or tenants ; and denies that such bridge will obstruct air or light, or injure the plaintiff in any manner.

The place of trial named in the complaint is the county of Westchester. Before answer, the defendant duly demanded that the place of trial be changed to the proper county, to wit., Saratoga, and the plaintiff not consenting thereto, applied to the court at Special Term for an order changing the place of trial. The motion was denied, and the defendant appealed to the General Term, where the order of the Special Term was affirmed. The defendant then appealed to this court.

PER CURIAM. The action is to enjoin an apprehended injury to real property, and is a local action, within subdivision 1 of section 123 of the Code of Procedure.

The order is appealable to this court.

Orders reversed with costs, and place of trial changed to Saratoga county.

*Samuel Hand* and *Charles S. Lester*, for the appellant.

*Robert Cochran*, for the respondent.