## HAAS vs. WEINHAGEN.

*Practice — Appeal from order changing place of trial.*

1. A notice of appeal from an order changing the place of trial must be served upon the clerk of the *court in which such order is made;* and the appeal papers must be returned *by him.*
2. A return by the clerk of the court to which the transfer of the cause is ordered, may be treated by the respondent as a nullity, and the appeal dismissed here for want of a return.
3. If the clerk of the proper court does not make a return to this court before transmitting the papers to the court mentioned in such order, it is too late for him to make a return which will be of any avail to the appellant.
4. *It seems* that there is no provision of law by which the record in such a case can be sent back to the court in which the action was commenced, to enable its clerk to make a proper return.
5. An order changing the place of trial is appealable; and it may also be reviewed on appeal from final judgment. Tay. Stats., 1632, § 6, and 1635, § 11.

APPEAL from the Circuit Court for *Washington* County.

Haas vs. Weinhagen.

Motion to re-instate appeal. The grounds of the motion appear in the opinion.

*J. N. Frisby & H. H. Blanchard,* for appellant.

*Frisby & Weil, contra.*

LYON, J. This is a motion to re-instate an appeal which was dismissed by the respondent for want of a return, pursuant to Rule 4 of this court.

The action was commenced in the circuit court for Washington county, and on the petition of the respondent, the place of trial was changed to Milwaukee county. After the record was transmitted to the circuit court for the latter county, the defendant appealed from the order awarding such change of the place of trial and served a notice of appeal and an undertaking upon the clerk of each of said circuit courts. After the clerk of the circuit court for Milwaukee county had made return to such appeal to this court, and before any such return had been made by the clerk of the circuit court for Washington county (more than twenty days having elapsed after the appeal was perfected), the order before mentioned, dismissing the appeal, was entered, and the question is, was it regularly entered?

We are of the opinion that the appeal in this case is from the circuit court for Washington county alone, that the attempt to appeal also from the circuit court for Milwaukee county, and the return of the clerk of the latter court, are nullities, and that the attorneys for the respondent were regular in disregarding these unauthorized proceedings. The statute provides that " an appeal must be made by the service of a notice in writing on the adverse party and on the clerk of the court in which the judgment or order appealed from is entered." Taylor's Statutes, 1632, sec. 3. This obviously means the clerk of the court by which the judgment or order appealed from was made, and not the clerk of the court to which an order might be removed by a change of the place of trial of the action.

The appeal having been taken from the circuit court for Wash-

ington county, and no return having been made thereto, when the order dismissing the same was entered, such appeal was regularly dismissed.

Since the appeal was dismissed, the clerk of the last named court has returned to this court, copies of the notice of appeal and undertaking served upon and filed with him. But of course the appeal cannot be heard upon such return, or upon any return which the clerk of the circuit court for Washington county can now or hereafter make. The record has passed out of his custody, and we are aware of no law which authorizes it to be sent back to him, to enable him to make a full return to the appeal. Hence it will not benefit the appellant to re-instate his appeal. We think the statute fails to provide for a case of this kind, and that by failing to appeal until the record had been transmitted, the appellant lost all benefit of his appeal. It should have been taken before the record was transmitted, and then the clerk of the court from which it was taken, should have made return thereto before transmitting the record.

We think an order changing the place of trial of an action is appealable, and also that the regularity of such order may be reviewed by this court on an appeal from the final judgment in the action. Taylor's Stats., 1632, sec. 6. Id., 1635, sec. 11. The appellant may, therefore, obtain the remedy by appeal from the judgment (should final judgment be rendered against him in the action,) which he sought to obtain by this appeal.

Other questions were presented on the argument of the motion, which it is unnecessary to consider.

The motion to re-instate the appeal must be denied, with costs.

*By the Court*—So ordered.