Schattschneider vs. Johnson and others.

---

SCHATTSCHNEIDER vs. JOHNSON and others.

CHANGE OF VENUE. *(1) Appealable order. Res adjudicata. Denial of one motion does not bar a second. (2) Discretion of trial court as to change of venue for prejudice of the people of the county.*

1. An order refusing to change the place of trial on account of the prejudice of the people of the county in which the action was brought, is appealable, and it may also be reviewed on appeal from the final judgment; and one such order made in an action does not bar a second like motion by the same party on the same ground. *Hackett v. Carter*, 38 Wis., 394.

2. The granting of a change of venue in such cases rests in the sound discretion of the court, acting upon its own knowledge and observation as well as upon the proofs presented; and its decision will not be reversed except for an abuse of discretion.

APPEAL from the Circuit Court for *Jefferson* County.

*J. M. Gillet*, for appellant:

1. The order was not appealable. *Baldwin v. Marygold*, 2 Wis., 419; *Rines v. Boyd*, 7 id., 155; *Runals v. Brown*, 11

id., 186; *Western Bank of Scotland v. Tallman*, 15 id., 92; 22 id., 99. 2. The question was not *res adjudicata* by the denial of the former motion.

*G. W. Bird*, for respondent:

1. The question was *res adjudicata* by the denial of the former motion, made on the same grounds. *Cothren v. Connaughton*, 24 Wis., 134; *Kabe v. The Eagle*, 25 id., 108; *Moll v. Benckler*, 28 id., 611; *Branger v. Buttrick*, id., 450; *Mercein v. The People*, 25 Wend., 63; *Sup'rs v. Briggs*, 2 Denio, 26; *White v. Coatsworth*, 2 Seld., 137; *In re Livingston*, 34 N. Y., 555; *Pierce v. Kneeland*, 9 Wis., 23; *Hill v. Hoover*, id., 15; *Allen v. Gibbs*, 12 Wend., 202. But if the doctrine of *res adjudicata* were not applicable to the motion, it could not be renewed without first obtaining *leave of the court*. *Mitchell v. Allen*, 12 Wend., 290; *Dollfus v. Frosch*, 5 Hill, 493; *Belmont v. R. R. Co.*, 52 Barb., 637; *Corwith v. Bank*, 11 Wis., 430. 2. A change of venue on the ground here assigned could properly be granted only upon the fact being clearly established to the satisfaction of the court. Tay. Stats., 1425, § 14; R. S., 1055; *Hungerford v. Cushing*, 2 Wis., 397; *Frank v. Avery*, 21 id., 166. The determination of the court below will not be disturbed unless there was an abuse of its discretion. 24 Wis., 533; 30 id., 129; 31 id., 512; 33 id., 413; *Lego v. Shaw*, 38 id., 401.

LYON, J. This appeal is from an order of the circuit court denying the motion of the plaintiff for a change of the place of trial of the action because of the alleged undue influence of the defendants over the people of the county in which the action is pending, and because of the prejudice of such people against the plaintiff. At a previous term of the court a similar motion had been made by the plaintiff, and denied. Affidavits were read in support of and against the last motion. These were quite voluminous, and it will serve no useful purpose to set them out at length, or to attempt to state the sub-

stance of them. It is sufficient to say, that, in our opinion, those read in support of the motion, considered alone, are entirely sufficient to justify, if not to require, a change of the place of trial. But the affidavits read in opposition to the motion materially weaken the force of those read to support it. Yet, considering all of the affidavits, we are inclined to think the place of trial ought to have been changed. Certainly, had the motion been granted, this court would be slow to interfere with the ruling.

It must be remembered, however, that this is a matter which rests in the sound discretion of the circuit court, and nothing short of an abuse of such discretion will justify our interposition.

We cannot say that there was an abuse of discretion in the present case. In reaching the conclusion that the motion ought to be denied, the learned circuit judge may have been influenced by his personal observation and knowledge, to which he might properly resort. *Jackman Will Case*, 27 Wis., 409; *Lego v. Shaw*, 38 id., 401.

The former order denying a like motion is no bar to the last motion. This is one of the cases to which the doctrine of *res adjudicata* is not applicable. The order refusing to change the place of trial is appealable, and it may also be reviewed on an appeal from the final judgment in the action. *Haas v. Weinhagen*, 30 Wis., 326. Hence the case is ruled by *Hackett v. Carter*, 38 id., 394. The motion may be renewed at the pleasure of the plaintiff.

*By the Court.* — Order affirmed.