RICHARD S. VAN WYCK, Respondent, v. LOUISA M. BAKER and EMILE BENEVILLE, Appellants.

*Action by judgment creditor to set aside fraudulent conveyance— Costs— Code, §§ 304, 305 — Reversal of judgment by General Term — costs to abide the event— Special Term cannot grant discontinuance without costs.*

An action by a judgment creditor to set aside a conveyance of land made by the debtor on the ground that it was fraudulent, is an action in which a claim of title to real property arises on the pleadings, within sections 304 and 305 of the Code, and the successful party is entitled to costs therein as matter of right.

The plaintiff in such an action having recovered a judgment, the same was, upon appeal, reversed by the General Term and a new trial ordered, costs to abide the event. Subsequently, on plaintiff's application, the Special Term directed that the action be discontinued without costs to either party. Upon appeal, *held*, that, under the order of the General Term, in whatever manner the action might be determined, whether by judgment or discontinuance, the prevailing party would be entitled to costs, and that the Special Term erred in discontinuing the action without costs.

APPEAL from two orders made at Special Term, discontinuing this action without costs to either party.

*Frederick A. Ward* for the appellants. It is a general rule, both of equity and of common-law courts, to permit a discontinuance of actions, as a matter of course, but only on the payment of costs. The cases where courts of law and equity have relieved plaintiffs from the payment of costs on discontinuance have been: 1. Where the plaintiff would be finally exempt from costs, as in cases against executors. (*Arnoux* v. *Steinbrenner*, 1 Paige, 82.) 2. Where the prosecution would be rendered fruitless by matters beyond the plaintiff's reach and occurring without his default, as where the defendant was imprisoned for crime or discharged as an insolvent (*Lackey* v. *McDonald*, 1 Cai., 116; *Steinbach* v. *Hallet*, 1 Johns., 141), or had a personal privilege relieving him from liability, such as infancy (*Van Buren* v. *Fort*, 4 Wend., 209), or was beyond the jurisdiction of the court (*Taaks* v. *Schmidt*, 19 How. Pr., 313). 3. Where the defendant had appeared by fraud (*Waterbury Leather Manuf. Co.* v. *Kraus*, 9 Abb. Pr., 175), or where he had will-

fully concealed the existence of a release (*De Barante* v. *Deyerman,* 41 N. Y., 355). But there is no other case in the books where an escape from payment of costs has been permitted. An action that had been commenced and litigated cannot be permitted to be discontinued by the plaintiff without costs upon a motion founded solely upon affidavit and without a trial of the cause. (*Pennell* v. *Wilson,* 2 Abb. Pr. [N. S.], 466 ; see, also, *Hammersley* v. *Burke,* 2 Paige, 373.)

*John Gibney,* for the respondent.

GILBERT, J.:

We think these orders are erroneous. The Code (§§ 304, 305) allows costs, of course, in cases where a claim of title to real property arises on the pleadings. The complaint contained appropriate averments showing that a conveyance of land from the defendant Baker to the defendant Beneville was made with intent to defraud the plaintiff, and other creditors of Baker, and was, therefore, fraudulent as to them, and claimed that the same should be set aside ; that certain judgments mentioned in the complaint might be adjudged to be a lien on the land so conveyed, and that said land might be sold and the proceeds of the sale applied in satisfaction of the judgments.

The defendants answered separately ; each denied the allegations of fraud. Mrs. Baker disclaimed any interest in the land, and Beneville distinctly claimed to be the "real and *bona fide* owner thereof," by virtue of said conveyance. The case, therefore, seems to be within the sections of the Code cited. In *Wood* v. *Hollister* (3 Abb., 14) it was held that an action like this was one brought for the determination of interests in real property, and was, therefore, local, according to section 123 of the Code. (See also, *Leland* v. *Hathorne,* 42 N. Y., 547.)

But if the court had power to allow a discontinuance without costs, we think it should not have been exercised. On the trial, judgment had been rendered for the plaintiff with costs ; the General Term reversed the judgment, granted a new trial and awarded costs to abide the event. In whatever way the action might eventuate, therefore, whether by judgment or discontinuance, the pre-

vailing party, under the order of the General Term, would be entitled to costs; and an order permitting a discontinuance without costs, is a substantial modification of the order of the General Term. That, we think, is not within the province of the Special Term.

We think also, that the plaintiff has shown no sufficient reasons why he should be exempted from the ordinary penalty of an unfounded litigation.

The orders appealed from must be reversed, with ten dollars costs and disbursements to each defendant.

BARNARD, P. J., concurred; DYKMAN, J., not sitting.

Order reversed, with costs and disbursements.