WHITE, Respondent, *v.* CHICAGO. M. & ST. P. RY. CO.,
Appellant.

**1. Appeal—Appellate Jurisdiction—Change of Venue.**

 The denial of an application for a change of venue, based upon the
 ground that an impartial trial cannot be had in the county where the
 action is pending, is appealable, as being an order involving the merits
 of the action within sections 23, 24, c. 20, Laws 1887.

**2. Same—Discretion.**

 Such an application being addressed to the discretion of the court,
 and the judge having the right to resort to his personal knowledge
 with reference to the matter, nothing short of an abuse of discretion
 will authorize an appellate court in interfering with the order made.

**3. Same—Sufficiency.**

 Where, from an examination of the affidavits on an application for a
 change of venue, the appellate court cannot say there was an abuse of
 discretion in denying the motion, the fact that the trial court 18 months
 before, on the same showing, granted a change in one of a class of cases,
 (the same application being made in all, and still pending,) would have
 but little influence with the appellate court in considering the denial
 of this, as the trial judge may have found the lapse of time obviated
 the necessity of a change in this case.

(Argued May 18, 1888; affirmed and opinion filed February 4, 1889.)

Appeal from district court of Moody county; Hon. C. S.
PALMER, Judge.

*Winsor & Kittredge,* for appellant.

Section 23, c. 20, Laws 1887, and section 11, c. 119, of the
statutes of Wisconsin, (2 Tayl. St. 1630,) are identical. When
the legislature of Dakota adopted this statute it also adopted
the interpretation given to it by the supreme court of that state.

The supreme court of Wisconsin has decided that an appeal
can be taken from an order denying or granting a change of the
place of trial under this statute. *Western Bank* v. *Tallman,* 15
Wis. 92; *Haas* v. *Weinhagen,* 30 Wis. 326; *Schattschneider* v.
*Johnson,* 39 Wis. 387.

In New York, under a like statute, the same question has
been decided by the court of appeals in the case of *Leland* v.
*Hathorn,* 42 N. Y. 547.

The only other question is, did the court err in denying the motion in this case, together with the other 26 cases precisely similar, in which like motions were made, and which are dependent upon the decision in this case? This motion, together with the one in the *Peart Case*, were alike, were all made at the same time, and the facts relative to this motion were all before the court at the time. The court, after careful examination, concluded there was prejudice and bias in the minds of the people of Moody county, so that a fair and impartial trial could not be had, and changed the venue in the *Peart Case*. Why is that not decisive of this? Why, if a fair trial could not be had in that case, should these other cases, in every particular alike, be held differently?

The very fact that the respondent filed between two and three hundred affidavits exactly alike, of residents of Moody county, showed that there was a feeling in the county, that these cases had been discussed, and that the defendant could not have a fair trial. Taken in connection with the other affidavits, it seems to us to have presented one of the strongest cases for a change of the place of trial that has ever come before a court. There is nothing appearing here of any change in the minds of the people of this county; nothing showing that a reaction had taken place, or that this appeal had been abandoned. The same circumstances, the same facts, the same prejudices, appear upon this record in the minds of the residents of that county as appeared and convinced the court at that time. It seems to us that, if common fairness and judicial impartiality construed the affidavits in that one case in this manner, that in another case, at the same time and place, presenting exactly the same characteristics that were passed upon in the first case, the court should have made the same decision in the second case; and we can see no reason from the records why it was not done.

*Rice Bros.*, for respondent.

An appeal will not lie from an order denying a motion to change the place of tral. Previous to the passing of chapter 20,

Laws 1887, no interlocutory orders were appealable until entry of final judgment.

Section 23, Laws 1887, allows an appeal before final judgment from certain orders which are there enumerated, before the entry of final judgment, and an order overruling a motion for a change in the place of trial is not mentioned. With the exception that an appeal can be taken from the enumerated orders before the entry of judgment, it does not appear that section 23, c. 20, Laws 1887, does away with or repeals section 22, C. C. Pro., which expressly provides that no order involving a question of discretion can be appealed from. Subdivision 2, § 22, C. C. Pro.

It clearly was not the intention of the legislature to allow an appeal from an order refusing to change the place of trial. If such had been the intention of the legislature when it passed chapter 20, Laws 1887, still the right would not exist, as it would be contrary to the Organic Act, (section 1869, Rev. St. U. S.) *Harris Manufacturing Co.* v. *Walsh,* 2 Dak. 43; *St. Clair County* v. *Livingston,* 18 Wall. 628; *Duvosneau* v. *U. S.,* 6 Cranch, 312; *Wiscart* v. *Dauchy,* 3 Dall. 321, 2 Dak. 41.

If this order was appealable, yet, the motion being one which rests in the sound discretion of the trial court, the ruling should not be disturbed unless there is a clear abuse of discretion. 39 Wis. 389; 30 Wis. 129; 52 Wis. 491; 47 Wis. 426.

In no case has an order overruling a motion for a change of venue been reversed when it had been opposed by affidavits.

Eighteen months had elapsed since the hearing of the motion in the *Peart Case* before the motion was made in this case; ample time for any excitement, growing out of the facts alleged in defendant's affidavits in support of its motion, to subside, especially as the excitement then mentioned was in October, 1885, over two years previous to the hearing on the motion appealed from.

CARLAND, J. This is an appeal from an order made by the district court of Moody county, at the January term thereof,

A. D. 1888, refusing to change the place of trial of said action. This action was instituted in the district court of Moody county prior to May, 1886, for the purpose of recovering damages of the appellant resulting from a fire claimed to have been set out by appellant's engine on October 10, 1885.

The first question to be disposed of is the objection of the respondent that the order appealed from is not appealable. Section 23, c. 20, Laws 1887, enumerates the court orders which may be carried to this court on appeal. Said section 23 contains the exact language of section 10, c. 264, Laws Wis., enacted in 1860, being section 11, p. 1635, Tayl. St. Under the latter section the supreme court of Wisconsin held in the cases of *Bank* v. *Tallman*, 15 Wis. 101; *Haas* v. *Weinhagen*, 30 Wis. 326; and *Schattschneider* v. *Johnson*, 39 Wis. 387,—that an order similar to the one appealed from in this case was appealable. The court of appeals of New York also, in the case of *Leland* v. *Hathorn*, 42 N. Y. 547, decided that an order refusing to change the place of trial was appealable. The opinion in the latter case gives no reason why such an order is appealable, but it is to be observed that the statute of New York at the time *Leland* v. *Hathorn* was decided was the same as the statute upon which the decisions in Wisconsin are based. The decision in *Schattschneider* v. *Johnson*, 39 Wis. 387, is based upon the authority of *Haas* v. *Weinhagen*, 30 Wis. 326. In the latter case the court decided that an order changing the place of trial was appealable either under section 11, above referred to, or section 6, p. 1632, Tayl. St., which latter section provides that upon an appeal from a judgment the supreme court may review any intermediate order involving the merits, and necessarily affecting the judgment. A similar provision is found in our law in section 24, c. 20, Laws 1887. In *Bank* v. *Tallman, supra*, the court decided that an order refusing to change the place of trial was appealable upon the grounds stated in the opinion of Justice COLE in the case of *Oatman* v. *Bond*, 15 Wis. 23. In the case last mentioned the court held that an order made in an action to foreclose a mortgage, directing that the action be referred to a certain person to

take all the testimony to be taken in that state, which either party might desire to use on the trial, was appealable under the fourth clause of section 10, c. 264, Laws Wis. 1860, being the same as the fourth clause of section 11, c. 139, Tayl. St., and the fourth clause of section 23, c. 20, Laws Dak. 1887, for the reason that it deprived the party of a right granted him by the constitution of Wisconsin, viz., to have his witnesses examined in open court, and therefore the order was one which involved the merits of the action.    In the case of *St. John* v. *West*, 4 How. Pr. 329, Justice SELDEN held that an order denying an application to substitute certain parties as plaintiffs in the place of the original plaintiff, who had deceased since the commencement of the action, was appealable.    The judge said that the statute gave to the personal representatives of the deceased the right to come in and continue the action, and therefore an order denying it involved the merits of the action.    In *Cram* v. *Bradford*, 4 Abb. Pr. 193, it was held that an order which directed a reference in a case in which a reference was not authorized by law was an order involving the merits, and appealable.    Justice COLE in *Oatman* v. *Bond*, *supra*, said : "The 'merits' of an action do not relate to the moral and abstract rights of the case, without reference to the constitution of judicial tribunals, or their mode of investigating facts, or their well-established rules of practice." It will thus be seen that the jurisdictions in which sections 23, 24, c. 20, Laws 1887, have been in force, and from which we may be said to have borrowed them, have construed the fourth clause of said section 23 as permitting an appeal from an order similar to the one herein appealed from, for the reason that "it involves the merits of the action, or some part thereof."    They have also construed said section 24 as permitting an order similar to the one herein appealed from to be reviewed on appeal from final judgment, for the reason that it "involved the merits of the action."    It necessarily follows that the legislature of Dakota territory, having adopted said sections from other jurisdictions, has also adopted the construction put upon the same by the appellate court of those jurisdictions, and, this being so, we

must hold that the order appealed from in this action is appealable. We think this position to be correct, both upon principle and authority. The right to have the rights of a party passed upon by an impartial and unprejudiced tribunal is fundamental, and guarantied by the law of the land, and an order which would affect this right, as an order refusing to change the place of trial might, would certainly, under the most strict construction, involve the merits of the action.

We now come to the question as to whether the court erred in refusing to change the place of trial. There were some 26 similar cases besides this one pending against this appellant at the June term of the Moody county district court, in all of which cases a similar motion was made to change the place of trial. In one case the place of trial was changed upon the same showing as made in this action. This case, and all others of a similar nature, were continued from time to time until the January term of said court, in 1888, at which term the motion in this case was taken up, and after argument denied. The motion was made for the reason that the appellant had good reason to believe that an impartial trial could not be had in the county of Moody in consequence of a very strong and prevalent feeling among the citizens thereof in favor of respondent, and against appellant. In support of said motion the affidavits of John A. Hinsey, John W. Carey, Roger Brennan, and A. W. Tennant, claim agents and attorneys of the appellant, were read. Opposed to these were the affidavits of over 200 farmers and business men of Moody county, denying the existence of any prejudice against the appellant among the citizens of said county. We have examined the affidavits in the record, and in the face of the proposition that the decision of this motion rested in the sound legal discretion of the district court, and that nothing short of an abuse of such discretion will justify us in interfering, we cannot say, in the present case, there was an abuse of discretion. The district judge may have been influenced by his personal knowledge and observation, to which he had a right to resort. *Schattschneider* v. *Johnson,* *supra; Jackson Will Case,*

27 Wis. 409; *Lego* v. *Shaw*, 38 Wis. 401.  The fact that in June, 1886, the district court granted a change of venue in a similar case, upon the same grounds as were urged in support of this motion, cannot have much influence in the decision of this appeal, as the lapse of a year and a half might have rendered it unnecessary to have granted the motion in this action.  The district judge was in a position at the hearing of the motion in January, 1888, to ascertain largely for himself whether the feeling which existed in June, 1886, still remained.  If at the same term the place of trial was granted in one case the district court had refused to grant the change in this case, that circumstance would be strong evidence of abuse of discretion.  Order denying motion affirmed.