## GREELEY V. WINSOR *et al.*

After a judgment sustaining a demurrer to the complaint, dismissing the complaint, and adjudging costs to the defendants, was entered and an execution issued thereon, the costs collected, and the judgment satisfied, the court made an order allowing the plaintiff to serve and file an amended complaint, without vacating or setting aside the said judgment. *Held,* that such an order involves the merits of the action, and is an appealable order, under subdivision 4, § 5236, Comp. Laws.

[Syllabus by the Court.   Opinion filed Dec. 22, 1891.]

Appeal from circuit court, Minnehaha county.   Hon. FRANK R. AIKENS, Judge.

Motion to dismiss appeal.   Denied.

*Winsor & Kittredge,* for appellants.

*Wynn & Noek,* for respondent.

PER CURIAM.   Motion to dismiss the appeal taken in this case from an order allowing plaintiff to serve and file an amended complaint.   This case was formerly appealed to this court by the defendants from an order overruling defendant's demurrer to plaintiff's complaint, and which order was reversed by this court, and a *remittitur* sent to the court below.   Upon receiving the *remittur*, the court below entered judgment in favor of the. defendants, which, after making the usual recitals, is as follows:   "Now, on motion of Winsor & Kittridge, attorneys for the defendants, it is ordered and adjudged that the said judgment of the said supreme court be, and the same is hereby, made the judgment of this court, and that the said demurrer be, and the same is hereby, sustained, and that plaintiff's complaint herein be, and the same is hereby, dismissed;" and concludes with the usual judgment for costs.   This judgment was rendered April 18, 1891.   On April 25th an execution was issued upon this judgment, and the money collected thereon April 27th, and the execution returned fully satisfied.   Thereafter, on April 30th, the plaintiff served upon the attorneys for the defendants a notice that plaintiff would move the court "for an order in said action giving leave to plaintiff to serve an amended complaint therein."   Accompanying said notice was

a proposed amended complant of the plaintiff. On May 9th the motion of plaintiff was allowed, and an order granting said motion was duly entered. From this order the defendants have appealed to this court. Plaintiff now moves to dismiss the appeal on the ground that the order appealed from is not an appealable order, being an order allowing plaintiff to serve an amended complaint, the allowance of which rests largely in the discretion of the court. The defendants, however, contend that, while an order allowing a pleading to be amended may not ordinarily be appealable, this is an exceptional order, as it was made after a judgment had been entered in the action, not only sustaining the demurrer, but dismissing the complaint, thereby putting an end to the action; and that, until judgment was either vacated or set aside, the court had no power to make the order in question, and hence it comes within the provisions of subdivision 4, § 5236, Comp. Laws, which provides when an order involves the merits of the action, or some part thereof, it is appealable. The learned cousel for plaintiff contends that, notwithstanding the judgment sustaining the demurrer and dismissing the complaint, the action is still pending, and the learned court below must, it seems, have taken the same view of the judgment. If, therefore, the action was terminated by the judgment, as contended for by the defendants, then the order which in effect will compel them to remain in court, and continue the litigation which they claim is ended, does involve the merits of the action. The making of the order appealed from by the court involves a question of the power of the court to make the order. If, as claimed by defendants, the judgment finally terminated the action, could the court, until that judgment was set aside or vacated, made an order allowing the plaintiff to serve an amended complaint? Oatman v. Bond, 15 Wis. 23; Haas v. Weinhagen, 30 Wis. 326; Schattschneider v. Johnson, 39 Wis. 387; Laland v. Hathorn, 42 N. Y. 547; St. John v. West, 4 How. Pr. 329; Cram v. Bradford, 4 Abb. Pr. 193; White v. Railway Co., 5 Dakota. 508, 41 N. W. Rep. 730. We are of the opinion that the order, under the facts disclosed in the record, is an appealable order, and the motion to dismiss the appeal is therefore denied. All the judges concurring.