## RUDOLPH v. HERMAN.

1. Where a court has entered a judgment dismissing an appeal from justice
    court for want of a proper undertaking, it is not error to refuse an ap-
    plication to amend such undertaking or substitute a better one, so long
    as such judgment of dismissal remains in force.

2.  In such case, where the only question presented to the court was as to the allowance of such amended or substituted undertaking, it was not error to refuse to allow the same; although the motion contained a prayer for general relief, under which the court might have vacated the judgment of dismissal, if it had been asked to do so.

3.  Until the vacation of the judgment was asked for, the court was not required to vacate it, and until vacated it was *res judicata*, and a bar to the application to amend the undertaking.

(Syllabus by the court.  Opinion filed Dec. 20, 1893.)

Appeal from circuit court Lincoln county.  Hon. FRANK R. AIKENS, Judge.

This opinion is rendered upon a petition for a rehearing in this case made by appellant to review the order of this court made September 4, 1893, affirming the decision of the lower court.  The history of the case and the nature of the proceedings are fully set out in the opinion.  The petition for rehearing is denied.

*R. B. Tripp*, for the petition.

*M. E. Rudolph*, contra.

KELLAM, J.  This is an application to allow a reargument. The case has been twice appealed.  In 50 N. W. 833 we affirmed the judgment of the circuit court dismissing the appeal from justice court on the ground that no proper undertaking had been served and filed.  The action was in forcible entry and detainer.  While I thought, and so said in an addendum, that the opinion went a little too far in stating that the appellate court acquired no jurisdiction of the appeal until a proper untaking was served and filed, it was the opinion of this court that the circuit court acquired no jurisdiction of the appeal from the justice court upon the undertaking that was served and filed, leaving, therefore, nothing for the circuit court to do upon such a record but to dismiss the appeal from such court.  Upon the return of the case to the circuit court, with our judgment affirming its dismissal, appellant, by

motion in that court, asked leave to file and serve a proper undertaking, which motion was denied. From this denial appellant again appealed. The action of the circuit court was here affirmed, the opinion being reported in 56 N. W. 122. In his petition for rehearing he bases his contention of error in our judgment principally upon the proposition that the circuit court did not lose its jurisdiction of the case, or its authority to make any proper order therein, until the case had been remitted to the justice court. Under the first of the above decisions the jurisdiction of the court depended upon the presence of a proper undertaking. There was none. The question is not therefore, when it lost jurisdiction, for it could not lose what it never had. Its formal judgment that it had no jurisdiction, and for that reason the appeal was dismissed, had been made and entered, and that judgment had been affirmed on appeal to this court. Until that judgment was in some manner vacated or set aside it was conclusive upon the parties as *res judicata.* It is difficult to see what further steps the court could take or allow to be taken until such bar was removed. In this respect the case is like Greeley v. Winsor (S. D.) 50 N. W. 630, where we held that, after a judgment sustaining a demurrer to and dismissing the complaint in an action, the trial court could not make an order allowing plaintiff to amend his complaint, until such judgment of dismissal was vacated. But it is urged by appellant that his prayer for general relief in his motion was sufficient to cover the vacation of judgment of dismissal, if such vacation were necessary before entertaining the application to amend the undertaking. This may be conceded, but there is nothing in the case to indicate that such vacation was asked for, or even suggested to the court. It was hardly the duty of the court to volunteer it. If the court had been asked to or had set aside the judgment, we think it probable that it could not have been objected that the notice and motion were not broad enough to justify such action, but the court discharged its duty when it definitely passed upon, by granting or

refusing, the very thing it was asked to do, and the record does not show that the appellant asked anything of the court except to be allowed to amend his undertaking upon the record as it then stood. Adhering to our former opinion as right, the petition for a rehearing is denied.