## STATE v. PALMER.

1. By the last clause of Section 7312, as amended by Chapter 50, Laws 1891, which provides that "if the accused shall make affidavit that he cannot have an impartial trial, by reason of the bias or prejudice of the presiding judge of the circuit court where the indictment is pending, the judge of such court may call in another judge of a circuit court to preside at said trial," it is made the duty of such presiding judge, when such an affidavit, sufficient in form, and made and filed at the proper time by the accused, and motion made, to call another judge to preside at the trial; and the judge of such court cannot legally proceed with the trial of the accused, after the making and filing such affidavit and motion to call in another judge. "May," in that section, is construed to mean "must," and the statute is *held*, mandatory.

2. An affidavit in which the accused says, "* * * I have reason to believe, and do believe, and therefore charge the truth to be, that I cannot have a fair and impartial trial before the presiding judge of this court, * * * by reason of his, the said judge's, bias and prejudice against the defendant," is substantially in the language of the statute, and sufficient. The words "have reason to believe, and do believe, and therefore," are treated as surplusage, and *held*, not to affect the affidavit.

(Syllabus by the court. Opinion filed Jan. 13, 1894.)

Error to circuit court, Clark county. Hon. J. O. ANDREWS, Judge.

Indictment charging defendant with the offense of grand larceny. The defendant was convicted and brings error. Reversed.

The facts are stated in the opinion.

*C. G. Sherwood* and *C. X. Seward*, for plaintiff in error.

When an affidavit is made sufficiently charging prejudice

and bias on the part of the presiding judge against the defendant, such judge cannot disregard such affidavit and proceed to try the case. State v. Henning, 3 S. D. 492.

*Coe I. Crawford, Attorney General; S. H. Elrod States Attorney, Clark county,* for defendant in error.

The court may in its discretion require additional proofs before granting a change of venue. 5 Criminal Law Magazine 795; State v. Kring, 11 Mo. App. 92. Its decision will only be interferred with in a clear case of abuse of discretion. People v. Fisher, 6 Cal. 154; People v. Congleton, Cal. 92; People v. Purdee, 49 Cal. 425; Hubbard v. State, 7 Ind. 106; Fleming v. State, 11 Ind. 234; Griffith v. State, 12 Ind. 548; Weeks v. State, 31 Wis. 490; Gordon v. State, 3rd Ia. 410. It is not sufficient for the party making the application to swear "that he does not believe that he can obtain a fair and impartial trial." He must state the facts upon which he founds such belief. Irvin v. State, 19 Fla. 872; 6 Crim. Law Mag. 149, § 2; State v. Knadlen. 19 Pac. 925; Territory v. Egan, 3 Dak. 125; White v. Railroad, 5 Dak. 508.

CORSON, P. J. The plaintiff in error was indicted, tried and convicted in the circuit court of Clark county, of the crime of grand larceny. Prior to the commencement of the trial, counsel for plaintiff in error moved the court to call in another circuit judge to preside at the trial of said action; basing said motion on the affidavit of the plaintiff in error, which, omitting the formal parts, is as follows: "Walter E. Palmer, being first duly sworn, on his oath says: I am the defendant named in the above entitled action. I have reason to believe and do believe, and therefore charge the truth to be, that I cannot have a fair and impartial trial before the presiding judge of this court, to-wit, the Hon. J. O. Andrews, by reason of his, the said judge's, bias and prejudice against this defendant. Wherefore, defendant asks that any other judge of a circuit court of this state be called to preside at the trial of this defendant on the indictment

found and returned by the grand jury, accusing this defendant of the crime of grand larceny. Walter E. Palmer.'' The court denied the motion, to which ruling the plaintiff in error, by his counsel, duly excepted. The case was then tried, the judge of the court presiding at the trial. After verdict, and before judgment, a motion was made in arrest of judgment, which was denied, and exception taken. A motion was also made for a new trial, one of the grounds of which was that the court erred in denying the motion of the plaintiff in error for a change of judges, which motion was also denied, and to which ruling of the court the plaintiff in error, by his counsel, duly excepted.

The only question which we shall consider on this appeal is, did the court err in denying the motion of the plaintiff in error for a change of judges for the trial of said action upon the affidavit filed? The motion was made upon the last clause of Section 7312, as amended by Chapter 50, Laws 1891, That section reads as follows: ''A criminal action, prosecuted by indictment, may, at any time before trial is begun, on the application of the defendant, be removed from the court in which it is pending, if the offense charged in the indictment be either a felony or a misdemeanor, whenever it shall appear to the satisfaction of the court by affidavits, or if the court should so order by other testimony, that a fair and impartial trial cannot be had in such county or subdivision, in which case the court may order the person accused to be tried in some near or adjoining county, in any circuit where a fair and impartial trial can be had; but the party accused shall be entitled to a removal of the action but once, and no more, and if the accused shall make affidavit that he cannot have an impartial trial by reason of the bias or prejudice of the presiding judge of the circuit court where the indictment is pending, the judge of such court may call any other judge of a circuit court to preside at said trial, and do any other act with reference thereto, as though he was presiding judge of said circuit court.'' This is

substantially the section as it has existed in the criminal practice act since 1877; the only change made by the amendment of 1891 being to extend its provisions to parties accused of misdemeanors, as well as those accused of felonies. The object sought to be accomplished by the provisions of this section seems to be to secure to a party charged with crime a fair and impartial trial by a jury in a county uninfluenced by local bias or prejudice, and by a judge uninfluenced by bias or prejudice against the party charged. As will be observed, the section provides for two classes of cases,—one in which a party claims that he cannot have a fair and impartial trial in the county, by reason of bias or prejudice of its citizens; and the other, in which a party claims that he cannot have an impartial trial, by reason of the bias or prejudice of the presiding judge. Under the first clause it is provided, "whenever it shall appear to the satisfaction of the court, * * * that a fair and impartial trial cannot be had in such county," the court may order the person accused to be tried in a county of a circuit where a fair and impartial trial can be had. But, under the second clause, the words, "shall appear to the satisfaction of the court," are omitted, and the section provides: "And if the accused shall make affidavit that he cannot have an impartial trial by reason of the bias or prejudice of the presiding judge," the judge of said court may call in another judge to preside at said trial. It seems very proper that under the first clause the court shall be satisfied that the fact that the accused cannot have a fair and impartial trial in the county exists, as the court, in such case, is presumed to be entirely indifferent, as between the state and the accused and he is properly vested by the legislature, in such case, with a judicial discretion, to be exercised in granting or refusing the application for the change of venue. Territory v. Egan, 3 Dak. 125, 13 N. W. 568; White v. Railway Co., 5 Dak. 508, 41 N. W. 730. But under the latter clause the judge himself being the party charged to he biased or prejudiced, the legislature has not deemed it expedient to vest in the pre-

siding judge of the court any discretion as to granting or refusing the application, when the proper affidavit is made and filed at the proper time. When, therefore, an affidavit sufficient in form, and made and filed at the proper time, is presented to the court, it is made the duty of the judge to call in another circuit judge to preside at the trial. After such affidavit is made and filed, and motion made to the court, the judge cannot legally proceed with the trial of the cause. No question seems to have been raised on the trial in the court below as to the sufficiency of the affidavit, and the learned court evidently proceeded to try the case upon the theory that it was necessary for the accused to make it appear "to the satisfaction of the court" that the judge was biased or prejudiced against him, in the same manner as he is required to make it appear that he cannot have a fair and impartial trial in the county, when he moves for a change of venue under the first clause of the section. In taking this view of the last clause of the section, we are of the opinion the learned court was clearly in error.

It is strenuously contended by the learned attorney general in this court, that the affidavit filed in the court below is insufficient because it is not in the languge of the statute, and appears to have been made upon information and belief. There is much force in this contention. The affidavit is not in the language of the statute, and the question, therefore, arises, is it substantially in the language of the statute, or are the words used equivalent to the words of the statute? By reading the affidavit with the words, "have reason to believe, and do believe, and therefore" omitted, which may be treated as surplussage, there seems to be sufficient in the affidavit to make it substantially in the language of the statute. With the words we regard as surplussage omitted, it would then read: "I * * * * charge the truth to be that I cannot have a fair and impartial trial, * * * by reason of his, the judge's, bias and prejudice against this defendant." While it is always the safer

and better plan to follow the language of the statute, courts are inclimed to hold affidavits substantially in the language of the statute, or in which language is used equivalent to the words of the statute sufficient. Taking this view of the affidavit, we are of the opinion that the language used is substantially in conformity with, and is equivalent to the language used, in the statute. The affidavit being sufficient in form, and made and filed at the proper time, it follows, from the views expressed, that the court below erred in refusing to grant the motion of the plaintiff in error, and in proceeding with the trial of the accused after the affidavit had been filed, and motion made for the trial of the cause before another judge. State v. Henning, (S. D.) 54 N. W. 536. The judgment of the circuit court is reversed, and a new trial ordered. The case is remanded to the circuit court for further proceedings according to law.