Pamela and Patrick COPENHAVER, individually, and as parents and next friends of Josette Copenhaver and Kelsey Copenhaver, minors, and Pamela Copenhaver as Personal Representative of the Estates of Tess Copenhaver and Luke Copenhaver, Plaintiffs and Appellees,

v.

Rick John GEIER, M.D., Defendant and Appellant.

Civ. No. 930140.

Supreme Court of North Dakota.

Dec. 2, 1993.

David Bossart, of Conmy, Feste, Bossart, Hubbard & Corwin, Ltd., Fargo, and Robert Vogel Law Office, PC, Grand Forks, for plaintiffs and appellees. Appearance by Alice R. Senechal.

Gerald J. Haga, of McElroy, Camrud, Maddock & Olson, Grand Forks, for defendant and appellant. Appearance by Randall S. Hanson and Patrick J. Maddock.

VANDE WALLE, Chief Justice.

Rick John Geier, M.D., appealed from a district court order changing venue from Foster County to Stutsman County. We dismiss the appeal.

Pamela and Patrick Copenhaver filed a medical malpractice action against Geier in Grand Forks County. The parties stipulated to a change of venue to Foster County, which is the county in which Geier and the Copenhavers reside.

The Copenhavers moved to transfer venue from Foster County to Stutsman County "on the grounds that there is reason to believe that an impartial trial cannot be had in Foster County and that the ends of justice will be promoted by a change in venue." See § 28–04–07, N.D.C.C. At a hearing on the motion, the trial court considered briefs and affidavits, responses to questionnaires sent to potential jurors, and the clerk of court's report that he had sent out 260 juror questionnaires and issued 150 summonses and that "his phone has been ringing off its hook yesterday and today, people that don't want to come in."

■ An order granting a motion for a change of venue requires certification under Rule 54(b), N.D.R.Civ.P., to invoke this court's interlocutory appellate jurisdiction. *Slaubaugh v. Slaubaugh*, 499 N.W.2d 99 (N.D.1993). "Absent unusual and compelling circumstances, the hope that immediate appellate review might avoid the chance of two trials is not a sufficient reason for granting Rule 54(b) certification." *Id.* at 104–05. A party requesting Rule 54(b) certification must demonstrate that "it will suffer hardship or unusual prejudice if certification is denied." *Id.* at 105.

Unusual and compelling circumstances in *Slaubaugh* justified immediate review of the order changing venue. The accident resulting in the plaintiff's serious injury had occurred seven years earlier. There had already been one trial, followed by an appeal. *Slaubaugh v. Slaubaugh*, 466 N.W.2d 573 (N.D.1991). A second trial was pending as a result of the appeal. A third trial was possible if we rejected review of the order changing venue. The propriety of a change of venue was before us for the second time. We said: "Our prior decision instructing the district court to consider the issue of venue on remand, combined with the possibility we may be required to review this question again, tips the balance in favor of appellate review." *Id.* at 105.

No such unusual and compelling circumstances exist in this case, which has not yet reached the voir dire stage. None of the parties demonstrated that any hardship or unusual prejudice would be suffered if Rule 54(b) certification were denied and review postponed. We, therefore, conclude that Rule 54(b) certification was improvidently granted.

Appeal dismissed.

SANDSTROM and LEVINE, JJ., concur.

NEUMANN, Justice, concurring in result.

I concur in the result. I would not, however, impose a requirement for a Rule 54(b) certification on an appeal from an order granting or denying a change of venue. I would simply hold that such an interlocutory order is not appealable.

I would not impose a Rule 54(b) requirement because Rule 54(b), closely read, applies only to cases in which there are multiple parties or multiple claims for relief, and in which the trial court is able to direct entry of a *final judgment* as to one or more but fewer than all of the claims. In the present case, the defendant has asserted no counterclaims against the plaintiffs, so the only claims in the case are those alleged in the plaintiffs' complaint. None of those claims has been resolved by the trial court's order changing venue. Indeed, no claim of a party in a lawsuit could ever be resolved by a

venue order. And obviously no final judgment could ever be entered on the basis of a venue order. Consequently, a Rule 54(b) certification can never be properly made for a venue order.

I would, instead, overrule a long line of cases reaching back to *White v. Chicago, M. & St.P. R. Co.*, 5 Dak. 508, 41 N.W. 730 (1889), which hold that an order relating to change of venue is one which "involves the merits of the action" and is therefore appealable under what is currently section 28–27–02(5), NDCC. ["The following orders when made by the court may be carried to the supreme court.... An order which involves the merits of an action or some part thereof."] Contrary to the ruling in the *White* case and those which have followed it, an order granting or denying a change of venue has absolutely nothing to do with the merits of the case or any part of the merits. "Merits" are "the substance, elements or grounds of a cause of action or defense." Black's Law Dictionary 989–90 (6th Ed.1990). "An order involves the merits of the litigation only if it is dispositive of a substantive issue." *Fritz v. Hassan*, 316 N.W.2d 797, 799 (N.D. 1982) [regarding an order denying a motion for judgment by default]. Orders involving procedural matters such as place of trial do not involve the "merits." I would therefore overrule *White* and the cases which have followed it, despite the longevity of its holding.

MESCHKE, J., concurs.