## JACKMAN WILL CASE.

CHANGE OF VENUE *because impartial trial cannot be had.* (1.) *When statute applicable to appeals from probate court.* (2.) *Facts which will justify such an order.*

1. The provision of sec. 6, ch. 123, R. S., for a change of the place of trial when an impartial trial cannot be had in the county where an action is brought, applies to the trial in the circuit court of issues of fact raised on an appeal from the decision of the county court in respect to admitting a will to probate.

2. After judgment upon a verdict in favor of the contestants had been reversed on the ground that the verdict was against the weight of evidence, it appeared, upon a motion by the proponents at the circuit for a change of venue, that during the former trial there was a large crowd of spectators unfriendly to the will, who were constantly expressing their prejudices against it and the chief devisee named therein, in the business places, and at the hotels where jurors boarded, and in their presence and hearing; and the judge before whom that trial was had, also states that during the whole time (several days) occupied thereby the court room was thronged by hundreds of the people of the city and adjoining country, and that an intelligent spectator could not fail to discern that the sympathies of almost the entire throng were warmly with the contestants and against the executors. *Held,* that there was no error in ordering the cause removed to another county for trial, on the ground that a fair and impartial trial could not be had in the county where it originated.

APPEAL from the Circuit Court for *Rock* County.
The decision of this court on a previous appeal in this cause from the judgment of said circuit court, will be found in 26 Wis. pp. 104-142. After the cause was remitted for a new trial, the court made an order, on the application of the proponents of the will, directing that the place of trial of the issues of fact in the cause should be changed to the circuit court for Racine county, on the ground that a fair and impartial trial thereof could not be had in Rock county. From this order the contestant, *Hiram Jackman,* appealed.

The evidence upon which the order was based will sufficiently appear from the opinion.

*Matt. H. Carpenter, A. Hyatt Smith, John Winans* and *L. F. Patten,* for appellant, contended that the provisions of statute for a change of the place of trial (R. S., ch. 123, sec. 6 ; R. S. 1849, ch. 95, sec. 1, found in appendix to R. S. 1858, p. 1055) relate to "*actions*" and "civil causes," and that these words mean suits and not special proceedings. The distinction between actions and special proceedings was made in the code of 1856, and existed when the Revised Statutes of 1858 were adopted, and was continued in them. See *Hall v. Wilson,* 6 Wis. 433. It would seem that if it had been intended to extend the right to a change of venue to special proceedings, the legislature would

have so said. As to ch. 95, R. S. 1849, *quære*, whether it is a part of the law. It does not seem to have been adopted or re-enacted at the time of the last revision. Counsel further argued that no facts or circumstances were shown warranting the conclusion that an impartial trial could not be had in Rock county; and they cited *Frank v. Avery*, 21 Wis. 166; *People v. Wright*, 5 How. Pr. R. 23; *People v. R. R. Co.*, 16 id. 106; *People v. Webb*, 1 Hill, 179.

*Cassoday, Merrill & Dixon*, for the respondents, contended that the order was not appealable, not being within any of the provisions of sec. 10, ch. 264, Laws of 1860; and also that it was properly granted. *People v. R. R. Co.*, 16 How. Pr. R. 106, 113; *People v. Webb*, 1 Hill, 179, 181.

COLE, J. The first objection taken to the order appealed from is, that the statutes in cases of this character do not authorize a change of the place of trial. The question involved in the proceedings is, whether a certain paper, which has been produced to the county court of Rock county, shall be admitted to probate as the last will and testament of Timothy Jackman, deceased It is claimed by those contesting the validity of the will, that it was procured by means of the undue influence exercised by Mrs. Jackman over the testator. There has been one trial of the cause in the circuit court by a jury, which found against the validity of the will. On appeal to this court, it was held that the verdict was unsupported by the evidence, and the cause was sent back for a re-trial. Then this application was made by the proponents of the will, for a change of the place of trial, on the ground that an impartial trial of the issues involved cannot be had in Rock county.

We are entirely satisfied that section 6, chap. 123, R. S., applies to the case, and authorized the court to make the order. It is said that this statute relates

solely and properly to actions and civil causes, and not to a special proceeding of this nature.    This, we think, is an erroneous view of the provisions of this chapter. It is true the word " action " is generally used in the chapter, but we do not suppose any restricted or technical meaning is to be given to that term as here used. It is broad enough in its signification to include this proceeding for the probate of a will, and the whole reason and object of the statute will be most fully satisfied by holding that it applies to it.    Controversies in regard to the validity of wills not unfrequently excite a great deal of popular feeling and interest; and that the contest over this will has aroused all this general interest and excitement in Rock county is amply proven by the opinion of the circuit judge in this case, who remarks that " it seldom happens that a civil action excites the interest in the public mind which was excited by this trial."    If, therefore, a change of the place of trial is granted in any civil action upon the ground that a fair and impartial trial cannot be had where the law primarily establishes it, the ends of justice would seem to require that it should be granted in a proceeding of this kind.    And we are clearly of the opinion that section 6, chap. 123, fully applies to it, and authorizes the court to change the place of trial upon a proper application.

Do, then, the matters stated in the petition show that there is good reason to believe that an impartial trial of the cause can not be had in Rock county?    We think they do.

It is stated in the petition for the change, that the contestant, as well as some of the other heirs of Timothy Jackman, and some of the attorneys of the contestant, have labored assiduously and constantly to prejudice the minds of the people of Rock county against the will and against its provisions, and to cause it to be generally believed by the inhabitants of the county that *Mrs. Jackman* was the real author of

the will, and had in fact procured her husband to make it by fraud and undue influence over him. The contestant, *Hiram Jackman*, and three of his attorneys, in affidavits made by them, have denied that they have made any such efforts to influence public sentiment or create any popular feeling or opinion against the will, or against any of the executors therein named. Yet it is not denied that there was a large crowd of spectators, unfriendly to the will, who were constantly expressing in the court room and in the hotels where the jurors boarded, and in the stores and other business places in the city of Janesville, their feelings, sympathies and prejudices against the will, and against *Mrs. Jackman*, in the presence and hearing of the jury, as set forth in the petition. And the circuit judge who tried the cause, says, in the opinion sent up with the record, that the trial "continued several days, and during the whole time the court room was thronged by hundreds of the people of Janesville and of the adjoining country; and that an intelligent spectator could not, without closing his eyes and his ears to what was passing around him, fail to discover that the sympathies of almost the entire throng were warmly with the contestant and against the executors, and that the belief was general that the will was obtained by means of the undue influence which they claim *Mrs. Jackman* exercised over her husband." In view of the fact that there has already been a lengthy trial of the cause attended by these circumstances of public excitement and feeling, it is fair to assume that a fair and impartial trial cannot be had in the county where these events have happened.

The contestant resists the change principally on the ground that if the matter be removed for trial to some other county than Rock, it will greatly add to the necessarily heavy expense attendant upon a trial. This may be so; but still, if, owing to local prejudice or popular feeling, an impartial trial cannot be had in

that county, the due administration of justice requires that the place of trial be changed, regardless of these personal considerations. We are satisfied that the facts and circumstances stated in the petition warrant the conclusion that an impartial trial cannot be had in Rock county.

*By the Court.*—The order of the circuit court is affirmed.

LYON, J., having presided at the circuit when the order appealed from was made, took no part in the decision of this appeal.