## LEGO and another vs. SHAW and others.

CHANGE OF VENUE. (1) *When right not waived.* (2) *Presumption to sustain order granting change.* (3, 4) Res adjudicata. *When second motion not barred by denial of first.* (5, 6) *Order granting change of venue reversed only for abuse of discretion. Case stated.*

1. A plaintiff, by bringing his action in the county where the defendants reside, does *not waive* his right to a *change of venue* on any of the grounds named in Tay. Stats., 1425, § 14.

2. On appeal from an order granting a change of venue, where the grounds alleged in the motion therefor were, undue influence of the adverse party over the minds of the inhabitants of the county where the action was pending, prejudice of the latter against the applicant, and their interest adverse to his, it appeared that a petition for a change on the same grounds had been made at a previous term, and denied, but the order denying it was not in the record here. *Held*, that, if necessary to sustain the order appealed from, this court would *presume* that the first application was denied *without prejudice* to the respondent's right to renew it.

3. An order denying an application for change of venue on the grounds above mentioned is no bar to a second application for the same relief on the same grounds, where it appears from the motion papers, that material facts and circumstances on which the second application was founded, occurred, or were first brought to the applicant's notice, *after* the previous order was made.

4. Whether the doctrine of *res adjudicata* is ever applicable to motions of this character, is not here determined.

5. The granting or denying of such an application duly made, upon the grounds above named, is a matter within the sound discretion of the court in which the action is pending, and its ruling will not be disturbed unless there has been an *abuse* of discretion.

6. In this case, the circuit judge having found upon conflicting evidence, aided by his own personal observation and knowledge (27 Wis., 409), that enough of the material averments of the petition were true to entitle the applicant to the relief prayed, this court cannot say that he erred in this, or that the granting of such relief was an abuse of discretion.

APPEAL from the Circuit Court for *Eau Claire* County.

The defendants compose five firms engaged in manufacturing lumber at the city of Eau Claire, in the county of the same name; and most of them reside in that city. The plaintiffs reside in Chippewa county, and are engaged in rafting lumber on the Chippewa river. This action was brought in Eau Claire county, to recover damages alleged to have been caused by certain piers and booms within its limits, placed in the Chippewa river by the defendants, and maintained by them therein for the purpose of holding logs to be sawed into lumber at their mills in said city of Eau Claire.

The action was commenced in May, 1872, and in September of that year the plaintiffs moved the court, upon petition and affidavits, for a change of the place of trial, for the reasons, alleged in the petition, that they could not receive a fair trial in Eau Claire county, because of the undue influence of the defendants over the minds of the inhabitants of that county; because such inhabitants were prejudiced against the plaintiffs; and because large numbers of them had an interest in the question involved in the action adverse to the plaintiffs, so that the latter could not expect a fair trial in that county. The motion was denied.

The cause was brought to trial at the March term, 1874; but during the trial an amendment to the complaint was allowed, which resulted in a continuance of the cause. At the next term, another motion was made for a change of the place of trial, for the same reasons alleged in the former petition. This motion was also denied, but without prejudice, and with leave to the plaintiffs to renew it.

At a subsequent term, the motion was renewed and granted. The petition and the affidavits in support of the last motion stated many material facts and circumstances not stated in the first motion papers, and of which the plaintiffs aver they were not cognizant when the first motion was made. Indeed, many of those circumstances occurred after the making of such motion. The court made an order directing that the place of trial be changed to Sauk county; and from this order the defendants appealed.

*Bartlett & Hayden* and *Levi M. Vilas*, for the appellants:

1. The facts shown are not sufficient to warrant the order. The right of defendants to a trial in the county where they reside and have been sued, and where the convenience of parties and witnesses requires the trial to be had, can be taken from them only to prevent a failure of justice. And mere statements of the belief or opinion of parties or witnesses as to the existence of local prejudice and influence, or adverse interest, will not be taken; but facts and circumstances showing the impossibility of obtaining an impartial trial must be fully and clearly presented, so that the court can judge for itself whether the application is well founded; and some of the cases require an actual experiment whether an impartial jury can be impaneled. *People v. Wright.*, 5 How. Pr., 23; *People v. Railroad Co.*, 16 id., 106; *People v. Bodine*, 7 Hill, 149; *People v. Webb*, 1 id., 179, 181; *Bowman v. Ely*, 2 Wend., 251; *Messenger v. Holmes*, 12 id., 203; *Frank v. Avery*, 21 Wis., 167; *Rowan v. The State*, 30 id., 130. Counsel discussed the facts at length, and especially insisted that the ease with which a jury had been impaneled on the previous trial of the cause, was conclusive that an impartial jury could be obtained in Eau Claire county; the record showing that only fifteen jurors were drawn, that all were examined under oath as to their bias, interest or prejudice, that not one was challenged except peremptorily, and that most of them had never heard of the suit before, and did not know the nature of it. 2. Plaintiffs waived their right to demand a

change of the place of trial upon the grounds alleged, by voluntarily bringing their suit in Eau Claire county, with full knowledge of the existence of the present supposed grounds of objection to a trial in that county.    The action, being a transitory one, might have been commenced in any county that plaintiffs chose.    Tay. Stats., 1423, § 4.    If it had been brought in Chippewa county, defendants would have had no right to demand a change of venue to Eau Claire county, because *all* the defendants did not reside in the latter.    *Carter v. Sommermeyer*, 27 Wis., 665.    And had defendants sought to remove the case to Eau Claire county for any other cause, as the convenience of witnesses, the motion could have been defeated by proof that an impartial trial could not be had in that county. *Couillard v. Johnson*, 24 Wis., 533 ; *Jackman Will Case*, 27 id., 409.    Having, therefore, voluntarily selected Eau Claire county as the place of trial, and put the defendants to the expense of preparing for trial there, plaintiffs should not be permitted to remove the case to another county for causes of whose existence they were well aware when the action was commenced. *Fox v. Hazleton*, 10 Pick., 275 ; *Ipswich v. Essex*, id., 519 ; *Orrok v. Ins. Co.*, 21 id., 471 ; *Davis v. Allen*, 11 id., 466 ; *Hallock v. Franklin*, 2 Met., 558 ; *Kent v. Charlestown*, 2 Gray, 281 ; *Crosby v. Blanchard*, 7 Allen, 385.    3. The motion should have been denied because the question raised by it was *res adjudicata.* The *grounds* of this and the former motion were the same ; and the new evidence adduced in the second petition is only *cumulative.*    Not having obtained leave, on the denial of their former motion, to renew it, the plaintiffs were concluded.    *Cothren v. Connaughton*, 24 Wis., 134 ; *Kabe v. The Eagle*, 25 id., 108 ; *Moll v. Benckler*, 28 id., 611 ; *Branger v. Buttrick*, id., 450.

*Bingham & Jenkins*, with *A. Meggett*, for the respondents :

1. The doctrine of *res adjudicata* does not apply to motions of this character.    *Davies v. Cottle*, 3 Term, 405 ; *Simson v. Hart*, 14 Johns., 63 ; *Bellinger v. Martindale*,' 8 How. Pr., 113 ; *Smith v. Spaulding* 30 id., 339 ; *White v. Munroe*, 33 Barb., 650 ;

*Belmont v. Erie R'y Co.*, 52 id., 642–648; *Mack v. Patchin*, 29 How. Pr., 29. Upon a new state of facts such a motion may be made as of right. *Erie R'y Co. v. Ramsey*, 57 Barb., 450; *People v. Mercein*, 3 Hill, 416; *Pierce v. Kneeland*, 9 Wis., 32; *Murphy v. Farwell*, id., 109; and cases above cited. 2. The statute gives either party to a civil action the right to have the place of trial changed, for cause shown, without regard to the fact that plaintiff commenced the action in the county from which a change is sought. *Jackman Will Case*, 27 Wis., 411; Tay. Stats., 1425, §§ 10, 14. 3. The continuance of the cause any number of times did not operate as a waiver of the right to a change. *Dailey v. Stark*, in Sup. Ct. of Mo., 2 Cent. Law J., No. 28. 4. The necessity for a change being established, the inconvenience to parties or witnesses is no sufficient objection. *Foster v. Bacon*, 9 Wis., 345; *State ex rel. Brownell v. McArthur*, 13 id., 407; *Jackman Will Case, supra.* 5. It must be assumed that the circuit judge found that the facts existed on which the motion was based; and the court will not disturb his finding or decision, unless there has been an abuse of discretion or palpable mistake. *Cohen v. Burr*, 6 Wis., 200. Counsel reviewed the evidence to show that there had been no abuse of discretion in granting the motion, and cited further, 16 How. Pr., 113, 116; *People v. Webb*, 1 Hill, 179; *Church v. Milwaukee*, 31 Wis., 514.

LYON, J. The order from which this appeal was taken, is attacked on three grounds: 1. It is claimed that by bringing their suit in Eau Claire county with full knowledge of the existence of the grounds of objection to a trial in that county, the plaintiffs waived their right to demand that the place of trial be changed. The statute provides that *either* party in any civil cause may apply for a change of venue for the causes alleged in the petition therefor in this action (among others), and, if the court is satisfied of the truth of the allegations, it shall grant the application. R. S. 1849, ch. 95; R. S. 1858, p. 1055

(appendix); Tay. Stats., 1425, § 14.   The statute does not provide that no change of venue shall be granted on the application of the *plaintiff*, if he knew, when he commenced his action, of the existence of the facts which, but for that knowledge, would entitle him to such change.   Neither does the statute contain any provision or language showing a legislative intent thus to limit the rights of a plaintiff under it.   To give the statute the effect contended for would not be construction but interpolation.   It must be held, therefore, that the plaintiffs did not waive their right to apply for a change of the place of trial.

2. It is further claimed on behalf of the defendants, that the last motion for a change of venue "was barred by the order denying a like motion made at the September term in 1872, no leave to renew having then been given, and no appeal having been taken therefrom."

Neither the motion papers on the last application, nor the record returned on this appeal, contain the order of 1872 ; and hence we do not know, judicially, whether leave to renew the first application was or was not given.   If such leave was given, very clearly the doctrine of *res judicata* is not applicable. Were it necessary to do so, to sustain the order appealed from, we should be bound, upon well settled principles, to presume that the application of 1872 was denied (as was the second application), without prejudice to the plaintiff's right to renew it. But we do not deem it necessary to indulge in that presumption.   For, assuming that the doctrine of *res judicata* may be applicable to cases like this (a point which we do not determine), and assuming also that the order of 1872 is absolute in its terms — saving no right to renew the application in that behalf,— we still think that the order of 1872 is no bar to the last application, because very many of the material facts and circumstances upon which it is founded, and which are stated in the motion papers, occurred after the order of 1872 was made, or first came to the knowledge of the plaintiffs after that time.

The doctrine of *res judicata* cannot justly be invoked in such a case.

3. The remaining objection to the order from which this appeal was taken, and one which 'has been very earnestly urged by the learned counsel for the appellants is, that "the facts as shown by the petition and affidavits read on the hearing of the motion, are not sufficient to warrant the order made thereon upon the grounds alleged therefor."

The granting or denying of an application to change the place of trial for the causes assigned in this case, is a matter within the sound discretion of the circuit court, and its ruling thereon will not be disturbed on appeal unless there has been an abuse of discretion. If the averments of the petition and the affidavits read to support it are true, the venue was properly changed, for they show that the plaintiffs cannot have an impartial trial of their cause in Eau Claire county. Some of those averments are denied in the affidavits read in opposition to the application. Upon such conflicting evidence, the circuit judge, aided by his own personal observation and knowledge, to which he might properly resort (*Jackman Will Case*, 27 Wis., 409), has found the controverted facts to be as claimed by the plaintiffs. At least, he has found that enough of the material averments of the petition are true, to entitle the plaintiffs to the relief prayed. We cannot say that the court erred in this, or that the granting of such relief was an abuse of discretion. This disposes of all the alleged errors, adversely to the appellants.

An examination of the record returned to this court discloses a number of loose papers, and among them a certificate of the clerk of the circuit court to the effect that the *annexed* papers (referring to them as the complaint, the answer, etc.), were used on the hearing of the motion. No papers are annexed to such certificate, and there is an entire failure to comply with the statute and rule in that behalf. Had a motion to dismiss the appeal for that cause been made, it would doubtless have been

granted, although it is probable that the appellants would have been permitted, on terms, to procure a proper return. This subject is mentioned for the purpose of impressing upon the minds of the circuit court clerks the necessity, in making return to appeals from orders granting or denying motions, of attaching together all papers used on the hearing of the motion and annexing the proper certificate thereto, so that there may be no doubt or uncertainty as to what papers were so used.

*By the Court.* — Order affirmed.