CHALLONER and another, Respondents, vs. BOYINGTON and another, Appellants.

*September 30 — October 17, 1893.*

*Change of venue: Convenience of witnesses: Discretion: Appeal.*

1. An order directing a change of the place of trial, under subd. 3, sec. 2622, R. S., on the ground that the convenience of witnesses and the ends of justice will be promoted thereby, will not be reversed except for a manifest abuse of discretion.
2. Where such an order is granted in a case which has once been tried, and the "records and files" upon which it was granted are not be-

86   217
86   532
86   217
91    16
86   217
103   266
86       217
113     ²460

fore this court, and it does not appear what facts were within the knowledge and observation of the trial judge, this court cannot hold that there was an abuse of discretion.

3. Upon an application for such a change, the convenience of parties who are witnesses may be considered to the same extent as that of other witnesses.

APPEAL from the Circuit Court for *Price* County.

This action was brought in the circuit court for Price county to recover the first instalment due on a contract for the sale and delivery of certain machinery, and a judgment in favor of the plaintiffs was reversed, and the cause remanded for a new trial.    83 Wis. 399.    In the mean time the plaintiffs brought a second action in the same court against the defendants for another instalment under the contract, and, issue having been joined, it was stipulated that the place of trial be changed to Fond du Lac county, and that the action be tried before the court without a jury, and the place of trial was changed accordingly.    Soon thereafter, in this action, an order was granted to show cause, based on the affidavit of one of the plaintiffs' attorneys and the records and files of the case, why the place of trial of this action should not also be changed to Fond du Lac county, so that it could be consolidated with the other action, and on the ground that the convenience of witnesses and the ends of justice would thereby be furthered.    It appears that both plaintiffs reside at Oshkosh, Wis., and the defendant *Boyington* at Bloomington, Ill., and the defendant *Atwell* at Stevens Point, Wis., where the defendants' attorneys reside; that the only witnesses sworn on the former trial were *John Challoner*, one of the plaintiffs, and *V. P. Atwell*, one of the defendants; that one W. C. Ruckman, a traveling agent of the plaintiffs, is a witness in their behalf.    On the part of the defendants, it was shown that, in addition to the defendant *Boyington*, they have a witness residing at Ironwood, Mich., and one residing at Phillips, in Price

county; but their names were not given, nor was it sworn that they were material witnesses. It was sworn that all defendants' witnesses, including the defendant *Atwell*, reside in Stevens Point and north of there, except the defendant *Boyington;* that defendants did not desire, but would oppose, a consolidation of the cases, and would claim in this action a trial by jury. The court made an order changing the place of trial to Fond du Lac county, from which the defendants appealed.

For the appellants there was a brief by *Cate, Jones & Sanborn,* and oral argument by *D. Lloyd Jones.*

*M. C. Phillips,* for the respondents.

PINNEY, J. Whether the place of trial of an action should be changed on the ground that "the convenience of witnesses and the ends of justice would be promoted by the change" (subd. 3, sec. 2622, R. S.), is a matter resting in the sound discretion of the court, and an order directing such change will not be reversed but for a manifest abuse of discretion. *Lego v. Shaw,* 38 Wis. 401; *Church v. Milwaukee,* 31 Wis. 512. For the purposes of such an application, the convenience of parties who are witnesses may be considered to the same extent as other witnesses; and it is obvious that the application for the change in this case set forth enough to bring the discretion of the court into action, particularly as it has been held in *Cartright v. Belmont,* 58 Wis. 376, that on such an application "no affidavit or sworn petition is required by the statute or rules of court. It is sufficient if the judge is satisfied by proof that a cause for the change exists." And this court has also held that "in the exercise of such discretion the trial judge may take into account matters within his own knowledge and observation, as well as the proofs presented." *Ross v. Hanchett,* 52 Wis. 493; *Schattschneider v. Johnson,* 39 Wis. 387; *Jackman Will Case,* 27 Wis. 409. The order does not

show upon what proofs the court acted in making it, beyond the fact that the order to show cause was based on the affidavit of M. C. Phillips, "and the records and files of the case." The records and files of the case, aside from the motion papers, have not been transmitted to this court. It does appear that the trial judge presiding at the former trial heard and granted this application, and we are bound to presume that he may have acquired by observation some knowledge of the case which assisted him in the exercise of his discretion. Error will not be presumed, but must be made to appear affirmatively. In the absence of the records and files, and of any facts which may have come to the observation of the trial judge, we cannot say that the discretion vested in the court was not properly exercised.

*By the Court.*— The order of the circuit court is affirmed.