Kopf vs. Encking.

Kopf, Respondent, vs. Encking, Appellant.

*September 6 — September 26, 1895.*

*Change of venue: "Convenience of witnesses and the ends of justice."*

1. Under sec. 2622, R. S., authorizing a change of the place of trial "when the convenience of witnesses and the ends of justice would be promoted by the change," the fact that the convenience of a large number of witnesses requires the change may, of itself, be sufficient ground for the conclusion that the ends of justice would be promoted thereby.

2. In the exercise of his discretion in respect to such change, the circuit judge may take into account matters within his own knowledge and observation, as well as the proofs presented.

APPEAL from an order of the circuit court for Fond du Lac county: N. S. GILSON, Circuit Judge. *Affirmed.*

*Edward S. Bragg,* for the appellant.

For the respondent the cause was submitted on the brief of *Geo. L. Williams.*

WINSLOW, J. The action was brought in Wood county, and removed to Fond du Lac county upon demand of the defendant, who resides in the latter county. After such removal the plaintiff moved for a change of venue to Wood county, upon an affidavit showing that thirteen material

witnesses resided in Wood county, and that their convenience required such change. No counter affidavits were filed. The order of removal was made, and defendant appeals. It is argued by the appellant that the order changing the venue was erroneous because the statute [R. S. sec. 2622] does not authorize such an order for the convenience of witnesses alone, but only when the "convenience of witnesses" and the "ends of justice" concur in demanding a change, and that there is no proof here that the ends of justice will be promoted by the change. The contention cannot prevail. The fact that a large number of witnesses will be inconvenienced by the trial of the case far from their residences may, of itself, be sufficient ground for the conclusion that a removal of the case would promote the ends of justice. The matter is in the discretion of the circuit judge, and in the exercise of that discretion he may take into account matters within his own knowledge and observation, as well as the proofs presented. *Challoner v. Boyington,* 86 Wis. 217. There is nothing to show an abuse of discretion in the making of the order in question.

*By the Court.*— Order affirmed.