STATE EX REL. FEDERAL MUTUAL AUTOMOBILE INSURANCE COMPANY, Petitioner, vs. KELLOGG, County Judge, Respondent.

*March 13—April 6, 1926.*

*Venue: Demand for change: Sufficiency: Where plaintiff has election: Courts: Supervisory control: Of supreme court: Of circuit court.*

1. The demand of a defendant domestic insurance company for a change of venue from a county other than that of the residence of either party, based on sec. 261.01, Stats., which did not tender to plaintiff the right of election under secs. 261.01 and 261.03 to change the venue to the county of his residence, was properly denied.   p. 640.

2. Where a petition for *mandamus* to compel the county court to change the venue of an action is fully presented to the supreme court, it will entertain the jurisdiction vested in it by sec. 3, art. VII, Const., so that justice may be granted "promptly and without delay," although the circuit court also has supervisory control over the county court.   p. 640.

ORIGINAL ACTION by *mandamus* in this court to compel respondent, as judge of the county court of Columbia county, Wisconsin, to change the venue of an action pending in said county court to Milwaukee county.   *Alternative writ quashed.*

State ex rel. Federal M. A. Ins. Co. v. Kellogg, 189 Wis. 638.

The petitioner is a domestic insurance company with its principal office in Milwaukee county. It issued three policies of insurance upon three automobiles owned by a resident of Adams county, Wisconsin. These automobiles were destroyed by fire in Adams county and suit was begun on these policies in the county court of Columbia county.

Petitioner served notice of a demand for a change of venue to Milwaukee county for the reason stated in the notice, "that the said defendant at the time of the commencement of this action was, and now is, a domestic' insurance corporation, organized under the laws of the state of Wisconsin, and has its principal place of business in the city of Milwaukee, Milwaukee county, Wisconsin, and for the further reason that the plaintiff did not elect to commence said action in the county wherein he resides, to wit, in the county of Adams, state of Wisconsin."

The county court denied a motion to change the venue. An alternative writ of *mandamus* was issued out of this court. The respondent moved to quash the writ.

The cause was submitted for the petitioner on the briefs of *John J. Krizek* of Friendship, and for the respondent on that of *Fulton Collipp* of Friendship, attorney, and *Grady, Farnsworth & Walker* of Portage, of counsel.

STEVENS, J. Sec. 261.01 of the Statutes provides that the proper place of trial of an action against a domestic insurance company to recover on policies of insurance is "the county in which the defendant has its principal office, or, at the election of the plaintiff, if a resident of this state, the county in which the plaintiff resides."

This demand for a change of venue offered no opportunity to the plaintiff to elect to change the venue to the county of his residence. It treated the commencement of the action in Columbia county as an election on the part of the plaintiff. This case presents the question whether the commencement

of the action in Columbia county was an election by the plaintiff under the fifth subdivision of sec. 261.01.

The action was properly triable in either Milwaukee county or Adams county. Under sec. 261.03 of the Statutes the plaintiff was not put to an election until the demand for change of venue was served. Within five days after the service of such demand, the plaintiff had the right to consent to the change, specifying the county to which the change is to be made, "having the option to name one of two or more in which it may be properly triable." Under both the fifth and sixth subdivisions of sec. 261.01, when the plaintiff has an election between two or more counties, either of which is a proper place of trial, the statute contemplates that the demand should disclose every fact required to be placed before the plaintiff's attorney in order to enable him to respond thereto by an election as to the place of trial, when there are two or more proper places of trial. The demand here in question did not tender the right to make such an election. It was therefore not an efficient compliance with the statute, and "the service thereof did not require plaintiff's attorneys to respond thereto, nor did such service create a legitimate basis for the motion which was denied." *Anderson v. Arpin H. L. Co.* 131 Wis. 34, 41, 110 N. W. 788. The county court properly denied the motion. The motion to quash the alternative writ must be granted.

The circuit court had jurisdiction to hear and determine the question presented in this case. *State ex rel. T. L. Smith Co. v. Superior Court,* 170 Wis. 385, 175 N. W. 927. Sec. 3, art. VII, of the Wisconsin constitution vests in this court general superintending control over all inferior courts. The fact that the circuit court also had supervisory control over the county court may lead this court to decline to take jurisdiction in cases where the rights of parties can be determined at the circuit without subjecting them to needless delay or expense, but it does not in any way limit the jurisdiction con-

ferred upon this court by the constitution.   Courts should ever keep in mind the mandate of the constitution that every person ought to obtain justice "completely and without denial, promptly and without delay, conformably to the laws." Wis. Const. art. I, sec. 9.

To refuse to entertain jurisdiction of this writ after the matter had been fully presented to this court on the merits merely because the circuit court also had supervisory control over the county court would entail the delay and the expense incident to the presentation of this same question to the circuit court and perhaps to this court again upon appeal.  Such procedure would add materially to the burdens of the litigants and of the courts.   It would needlessly delay the administration of justice at a time when it lies within the power of this court to grant justice "promptly and without delay."

*By the Court.*—The motion to quash the alternative writ is granted.