STATE EX REL. JEFSON, Petitioner, vs. MAHONEY, County Judge, Respondent.

*March 13—April 7, 1931.*

For the petitioner there was a brief by *Leuch, Fichaux & Fellenz* of Milwaukee, and oral argument by *Peter F. Leuch.*

*C. W. Graves* of Viroqua, for the respondent.

FAIRCHILD, J. *State ex rel. Federal M. A. Ins. Co. v. Kellogg,* 189 Wis. 638, 208 N. W. 246, is authority for the rule that upon a petition presented to this court for *mandamus* to compel the county court to change the venue of an action, this court will exercise the jurisdiction vested in it by sec. 3, art. VII, Const.

The plaintiff is a resident of Vernon county; the defendant of Milwaukee county; and the complaint charges the defendant with misconduct with persons living in Milwaukee. The application for change of place of trial is based on two claims: first, that Milwaukee county is the proper place of

trial; and second, because of the convenience of witnesses, the cause of action being based on acts alleged to have been committed in Milwaukee county and defendant's witnesses reside there.

The proper place of trial of actions for divorce is fixed in the county in which the parties reside or in which one of them is a resident. Sec. 261.01 (3). This section gives the plaintiff the choice of two counties in which he will bring the action, when the husband is a resident of one county and the wife of another. A plaintiff electing to begin an action in the county where either one of the parties is a resident has designated a proper county and the proper place of trial of the action.

While it appears that under the statutes the plaintiff has designated the county which is the proper place of trial, defendant assigns as reason for changing the venue that the acts complained of occurred in the city of Milwaukee, and as her witnesses reside there it would be for their convenience to remove the case to that county. This is a matter resting in the sound discretion of the court to grant or refuse. *Kopf v. Encking,* 91 Wis. 15, 64 N. W. 318; *Lego v. Shaw,* 38 Wis. 401; *Postel v. Weinhagen,* 86 Wis. 302, 56 N. W. 913. Nothing appearing to show an abuse of discretion or of power vested in the court, its ruling in denying defendant's motion for a change of venue is approved.

*By the Court.*—The motion to quash the alternative writ is granted.