IN RE APPLICATION OF ZABEL, District Attorney.

*June 7—June 24, 1935.*

*Herman A. Mosher,* deputy district attorney, of Milwaukee county, the *Attorney General,* and *J. E. Messerschmidt,* assistant attorney general, for the petitioner.

*William H. Spohn* of Madison, for the respondent State Board of Control.

*J. A. Padway* of Milwaukee, for the parolee I. J. Rosenberg.

FRITZ, J. On the petitioner's application for leave to invoke the original jurisdiction of this court, it is not necessary, at this time, to pass upon the petitioner's contention that the Board of Control's action in paroling the prisoner, Rosenberg, without having given, "to the district attorney . . . who participated in the trial of the prisoner," the written notice mentioned in sec. 57.06, Stats., was illegal. The only question, upon facts alleged, assuming them to be true, is whether questions *publici juris* are raised which involve the sovereign prerogative of the state in its sovereign character, in such manner as to render the ordinary remedies and ordinary jurisdiction of the circuit court so inadequate as to necessitate resort to the extraordinary jurisdiction of this court. That is appreciated by the petitioner when he says in his brief: "It is our contention that the only objection to this application is that there is an adequate remedy in the lower court;" but, to overcome that objection, he contends that the remedy in a lower court is inadequate because there is an unusual situation in that a prisoner is illegally at large, and that the questions of his liberty and as to what is proper notice to be given by the Board of Control in the cases of applications for parole "cannot be fully, finally and completely determined except by a decision of this tribunal."

However, it is probably true as to most of the questions *publici juris* which are litigated, that there can be no full, final, or complete determination in the trial courts. Nevertheless, the mere fact that it would be more desirable to achieve that result in the first court having jurisdiction, does not warrant this court in taking original jurisdiction when there are other courts which have adequate jurisdiction in all other respects. As was said in *Attorney General v. Eau Claire,* 37 Wis. 400, as to questions *publici juris* in certain classes of litigation:

"Practically it would be impossible to take jurisdiction of them all here; and we intend to assume jurisdiction of none

of them, which are not taken out of the rule by some exceptional cause. When they are governed by some peculiarity which brings them within the spirit and object of the original jurisdiction of this court, we will entertain them. Otherwise they will be left to the circuit courts. And this we understand to be the true spirit and order of the constitutional grant of jurisdiction."

Although an illegal release by the Board of Control of a prisoner, who has been duly convicted and sentenced, should, of course, be promptly corrected by some appropriate official or judicial action, the only person who is directly affected by such illegal release is the prisoner. As the illegal release, which the petitioner challenges, did not directly affect the rights of the people at large, or of any such large number of people as were affected by the illegal acts questioned in *State ex rel. Richter v. Chadbourne,* 162 Wis. 410, 156 N. W. 610; *State ex rel. Time Ins. Co. v. Smith,* 184 Wis. 455, 200 N. W. 65, 70, upon which he relies, there is no such inadequacy of jurisdiction as was held sufficient in those cases to warrant the exercise of this court's extraordinary jurisdiction. On the contrary, in respect thereto, there is here applicable the court's statement in the case last cited:

"That it is a power that should be sparingly and cautiously exercised there is no doubt, nor are we disposed to relax the vigilance of the court in maintaining its character as an appellate court and permitting its original jurisdiction to be invoked only in cases where the exercise of that extraordinary power is clearly warranted."

The decision in *State ex rel. Federal M. A. Ins. Co. v. Kellogg,* 189 Wis. 638, 208 N. W. 246, 247, which is also relied upon by the petitioner, is likewise not in point. In that case, an alternative writ of *mandamus* directed to a county court had been issued by this court (under the improper practice which was finally corrected by the memorandum opinion filed in *In re Exercise of Original Jurisdiction,* 201 Wis. 123, 229 N. W. 643), without any application

being first made for leave to institute an original proceeding, and no question was raised as to the exercise of such jurisdiction by this court until a motion to quash the writ on the merits, as disclosed by the petition, was argued on the merits and submitted for decision. Then it was contended for the first time, in connection with the arguments on the merits, that this court should decline to proceed further in exercising the jurisdiction which it had taken in the matter, because the circuit court had supervisory control over the county court, and could have determined the rights of the parties. This court, however, refused, at that stage of the proceedings, after the matter had been fully presented on the merits, to decline to entertain jurisdiction, and it was because of those circumstances that the court then said:

"Such procedure would add materially to the burdens of the litigants and of the courts. It would needlessly delay the administration of justice at a time when it lies within the power of this court to grant justice 'promptly and without delay.'"

Those reasons and the conclusion then reached are inapplicable when, as in the matter at bar, the propriety of exercising original jurisdiction was questioned at the outset on an application for leave to institute the action. It follows that, on the application now under consideration, leave to institute the proposed proceeding as an original action in this court must be denied.

*By the Court.*—Application for leave to commence action denied.