STATE EX REL. ATTORNEY GENERAL and DEPARTMENT OF AGRICULTURE AND MARKETS, Petitioner, vs. JOHN F. JELKE COMPANY and others, Respondents.

*December 9, 1938—March 7, 1939.*

498

The *Attorney General, N. S. Boardman* and *R. M. Orchard,* assistant attorneys general, and *Fred M. Wylie,* special counsel, for the petitioner.

*William H. Churchill* and *F. J. Hart,* both of Milwaukee, and *Homer H. Benton* and *Thomas A. Ryan, Jr.,* both of Appleton, for the respondents.

FRITZ, J.   The petitioner applies for leave to commence an original action in which all of the respondents are to be joined as defendants, and in which the state seeks a declaratory judgment as to their rights, status, and legal relations to the state under sec. 97.42, Stats., as the result of acts and transactions charged in the petition.   Many questions of fact are alleged in the petition, and some of them are denied in affidavits filed by respondents.   The John F. Jelke Company is charged with manufacturing and marketing the products in question in various types of packages and under various labels and conditions to enable wholesale and retail dealers and others by various means to evade paying license fees and taxes and making records and reports required by sec. 97.42, Stats.   Some of the respondents are wholesalers, others are retail grocers, druggists, or meat dealers; and some are bakers.   Some are alleged to have sold one element, and others are alleged to have sold other elements of a combination claimed to constitute oleomargarine.   Some are alleged to have sold both elements in one package, and others are alleged to have sold them in separate packages.   Some are alleged to have used but not sold the products; and one of them, the Milwaukee Retail Grocers' Association, is not charged

with having sold or used the product, but is alleged to have advised its members that sec. 97.42, Stats., is not applicable thereto. Whether any of the several respondents sold the products under the various conditions and in the manner and capacities alleged; and whether they were in their different forms or in combination "oleomargarine, butterine, or similar substances" within the meaning of sec. 97.42, Stats., involves issues of fact in respect to fact situations which will be as different and numerous as there are different classes of respondents. All of those issues, and whether any of the respondents have been guilty of illegal sales or evasions rendering them liable for license fees or taxes under sec. 97.42, Stats., or for penalties under sec. 97.72 (2), are questions which can be appropriately tried in the circuit and other trial courts. The statutes provide the remedy and the relief to which the state is entitled in each instance, and the proper trial courts are open to the state to enable it to collect all fees and taxes which may be due it, and to enforce all penalties and other remedies as the case may be. It is evident that the numerous issues of fact which will arise will necessitate the taking of considerable evidence and a reference for that purpose which will have to be followed by a referee's report thereon. Some of those issues, and the relief upon a determination thereof adversely to respondents, are such that they may be entitled to a trial by jury in the county in which the offense was committed, and a denial thereof by a trial on a reference ordered in an original action in this court would be in violation of the right of an accused in criminal prosecutions to a trial by jury in the county in which the offense was committed (sec. 7, art. I, Wis. Const.). Moreover, the restriction in sec. 3, art. VII, Wis. Const., on the grant of power to this court (see *Attorney General v. Blossom,* 1 Wis. *317, *323) renders it improper for this court to take original jurisdiction of the proposed original action. Respond-

ents' rights to a trial of the proposed issues in the courts provided for that purpose outweigh any public convenience that might be served by an original action in this court, and they cannot be denied on the theory that such an action would result in avoiding a multiplicity of suits and in a more speedy final determination of the matters in issue. Those results do not afford sufficient grounds for the exercise of original jurisdiction. As we said, after extended and thorough consideration, in *Petition of Heil, ante,* pp. 428, 448, 284 N. W. 42,—

"This court is primarily an appellate court, and it should not be burdened with matters not clearly within its province if it is to discharge in a proper and efficient manner its primary function. Mere expedition of causes, convenience of parties to actions, and the prevention of a multiplicity of suits are matters which form no basis for the exercise of original jurisdiction of this court. Because it is the principal function of the circuit court to try cases and of this court to review cases which have been tried, due regard should be had to these fundamental considerations. Inasmuch as under the principles established the circuit court has jurisdiction to proceed, the excluding jurisdiction of this court will not be exercised in doubtful cases. *Application of Zabel,* 219 Wis. 49, 261 N. W. 669."

But, if the possibility of a more speedy final determination could be considered sufficient ground for the exercise of original jurisdiction, the following allegations and amended prayer in the petition rather negative that possibility in this matter. In view of the petitioner's allegations that as to each of the numerous respondents "issues of fact, of statutory construction, and of constitutional law are raised that require long trial," and the petitioner's amended prayer for a "reference for the taking of evidence, report of a referee, and argument to this court," it is evident that there will necessarily be considerable delay by having a reference after the joinder of issue in an action in this court, and the taking of testimony

504

as to all of the respondents. With the complete absence in this court of the established facilities for taking evidence, which are at hand and available for prompt action in the circuit courts, it is improbable that there would be a more speedy determination, in the first instance, by a referee appointed by this court than there would be by a trial court in an action commenced there. In either event, the issues of fact would have to be determined first by the initial trier of the fact, and then be presented here on either a motion to confirm, etc., a referee's report or on an appeal from the judgment of a trial court, and there probably would be no material difference in the time required under either method for arriving at a final determination. Furthermore, a final judgment for declaratory relief favorable to the state would not necessarily avoid a multiplicity of suits in so far as criminal liability for fines and penalties is concerned. It follows that the application must be denied.

*By the Court.*—Application denied.