STATE EX REL. KUHN, Plaintiff, vs. LUCHSINGER, Municipal Judge, Defendant.

*May 9—June 6, 1939.*

534

*M. G. Eberlein* of Shawano, for the plaintiff.
*Floyd D. Atherton* of Oshkosh, for the defendant.

FRITZ, J. As it appears that the petitioner Arnold F. Kuhn seeks, in good faith, leave to commence an original action of *mandamus* to require the granting of an order for a change of venue, which he charges was wrongfully denied,

he is entitled to have this court grant his application for such leave. *State ex rel. Federal M. A. Ins. Co. v. Kellogg,* 189 Wis. 638, 208 N. W. 246; *State ex rel. Jefson v. Mahoney,* 204 Wis. 440, 235 N. W. 926. Under the stipulation between the parties that the petition shall stand as the relator's complaint and that the defendant, Judge LUCHSINGER, shall be deemed to have demurred thereto, the facts alleged in the petition will be deemed admitted, and the action will be determined upon those facts.

The change of venue is sought in an action commenced by Walter Doemel against Arnold F. Kuhn in the municipal court of the city of Oshkosh, Winnebago county. The action is to recover from Kuhn the unpaid purchase price of a machine sold to him by Doemel under a written contract in which there was the following provision,—

"Should there be any failure to pay any deferred payments when due the entire balance shall become due and payable at once at the election of the seller, and the venue of any action to enforce this contract, or any of the terms thereof shall be in any county selected by the seller."

Kuhn claims that the contract was invalid because it was procured by fraud, and that the order was conditional upon the defendant's having ninety days within which to try the machine. Kuhn, who is a resident of Shawano county, applied and moved on that ground for a change of venue to that county. That motion was denied by Judge LUCHSINGER on the ground that by virtue of the above-quoted provision Kuhn had waived his right to the change of venue which he seeks. Doemel admits, for the purpose of this hearing, that in the absence of that provision the proper place of trial of the action would be Shawano county, in so far as the fact of Kuhn's place of residence and sub. (12) of sec. 261.01, Stats., are concerned.

Kuhn contends that the provision in the contract in relation to venue is invalid on the ground that parties cannot by

their agreement stipulate away in advance their statutory right to have an action against them tried in the county of their residence. In support of that contention Kuhn relies upon *Nute v. Hamilton Mut. Ins. Co.* 6 Gray (Mass.), 174; *Hall v. People's Mut. Fire Ins. Co.* 6 Gray (Mass.), 185, and a number of other cases cited in annotations in 59 A. L. R. 1445, 107 A. L. R. 1060, and L. R. A. 1916 D, 691. A review of the cases discloses that there is considerable conflict in the decisions, and in some instances, even in decisions in the same jurisdiction. Those holding such agreements invalid usually follow *Nute v. Hamilton Mut. Ins. Co., supra,* and *Hall v. People's Mut. Fire Ins. Co., supra.* In reaching that conclusion Chief Justice SHAW said in the *Nute Case,*—

"We place no great reliance upon considerations of public policy, though, as far as they go, we think they are opposed to the admission of such a defense. The rules to determine in what courts and counties actions may be brought are fixed, upon considerations of general convenience and expediency, by general law; to allow them to be changed by the agreement of parties would disturb the symmetry of the law, and interfere with such convenience. Such contracts might be induced by considerations tending to bring the administration of justice into disrepute; such as the greater or less intelligence and impartiality of judges, the greater or less integrity and capacity of juries, the influence, more or less, arising from the personal, social or political standing of parties in one or another county. . . . But as already remarked, these considerations are not of much weight." (p. 184.)

And in the *Hall Case* the court said,—

"It is a well-settled maxim, that parties cannot, by their consent, give jurisdiction to courts, where the law has not given it; and it seems to follow from the same course of reasoning, that parties cannot take away jurisdiction, where the law has given it." (p. 192.)

On the other hand, such provisions were held valid in *Daley v. People's B., L. & S. Asso.* 178 Mass. 13, 59 N. E.

452, and in *Mittenthal v. Mascagni,* 183 Mass. 19, 66 N. E. 425. In the *Daley Case* Chief Justice HOLMES said:

"One of the conditions is that 'any action brought against this association by any shareholder shall be brought . . . in the county of Ontario, state of New York.' We are of opinion that this condition should be enforced. We do not mean to overrule *Nute v. Hamilton Ins. Co.* 6 Gray, 174, but it is obvious that that was a somewhat hesitating decision, and we think that it should not be pressed so far as to dispose of this case. . . . The language is different from that used in *Nute v. Hamilton Ins. Co.,* and stronger. It plainly purports to attach a condition to the contract, and we are of opinion that it does so effectually. It is not intimated in *Nute v. Hamilton Ins. Co.* that when such a condition is attached to a contract and is valid, there is any technical difficulty in enforcing it as an answer to an action in another place. . . . But objections of this sort may be made to appear more serious than they are. Courts are less and less disposed to interfere with parties making such contracts as they choose, so long as they interfere with no one's welfare but their own." (p. 19.)

As is stated in 27 R. C. L.—

"The question as to the validity of a stipulation in a contract restricting the venue of actions thereon is involved in some doubt. The true test seems to be whether such a contract is so improvident and unreasonable—such an abnegation of legal rights—that the judiciary, for the protection of mankind, will refuse to recognize it. Accordingly, in some instances limitations on the venue have been sustained. Thus a condition in a sale agreement that in case any litigation arises in connection with the transaction, the trial will be held only in a certain city, the place where the vendors carried on business, has been held binding." (p. 785.)

"The broad ground seems to have been taken in numerous decisions that the county in a state within which action on a contract shall be brought may properly be prescribed by a stipulation in the contract. Certainly this is true where the action can be changed from the county wherein it is brought to another by a written stipulation." (p. 786.)

In this state the statutes expressly permit parties to a pending action to change the place of trial by a written stipulation

or consent. Thus by sub. (3) of sec. 261.04, Stats., a change in the place of trial is authorized "when the parties or their attorneys shall stipulate in writing to change the place of trial; and, in this case, the order may be made by a judge." Likewise, it is provided in sec. 261.03, Stats., that when the county designated in the complaint is not the proper place of trial of any action (except in certain classes of actions), the defendant may, within twenty days after the service of the complaint, serve upon the plaintiff a written demand that the trial be held within the proper county, and that "within five days after service of such demand the plaintiff may serve a written consent that the place of trial be changed, and specify to what county, if he have the option to name one and such consent shall change the place of trial accordingly." And furthermore, sec. 261.05, Stats., provides,—

"When the parties or their attorneys shall so stipulate in writing, the place of trial of any civil action, over which the circuit and municipal courts have concurrent jurisdiction shall be changed from the circuit court to the municipal court or from the municipal court to the circuit court; and filing such stipulation shall change the place of trial accordingly."

Those enactments disclose a public policy, which sanctions rather than condemns as invalid, stipulations as to venue in so far as jurisdiction of the person is concerned. In reference to one of our statutes the court said in *Carpenter v. Shepardson,* 43 Wis. 406, 413, "the statute expressly allows the venue to be changed in civil actions by stipulation. And, whenever the question is one of jurisdiction of the person, the consent which is equivalent to such a stipulation and gives jurisdiction to one court, upon a change of venue, divests jurisdiction of the other." That follows in this state whenever the court selected by stipulation or consent has jurisdiction of the subject matter and action. In *State ex rel. Bobroff v. Braun,* 209 Wis. 483, 245 N. W. 176, the circuit court for Milwaukee county, in an action entitled

Bobroff v. Lindblom and based on a judgment note, had ordered a change of venue to Kenosha county, where the defendant resided, although there was a provision in the note consenting to the entry of judgment thereon in any state or county. That order was entered after a judgment of cognovit had been vacated. The order changing the venue was based (1) upon the fact that the proper venue was not laid, and (2) upon the conclusion that vacating the judgment destroyed all of the features of the consent contained in the note, thus restoring the action to the status of an ordinary action. In holding that the court erred in ordering a change of venue, we said,—

"In the first place, the parties, by their original contract, agreed that judgment upon the note might be entered in any state or county, and this includes the understanding that it may be entered in any county in this state. In sec. 261.02 it is provided that in every action, except those dealing with real property, the county designated in the complaint shall be the place of trial, unless changed in the time and manner indicated in the succeeding sections. Sec. 261.03 sets forth the manner in which the place of trial may be changed, in the event that the county designated in the complaint is not the proper place of trial. These sections clearly indicate that the defendant may waive his right to insist upon a change of venue by failure to move in the manner prescribed in the section. If the defendant may thus waive his right by failing to move, he may also waive this right by agreement, and in this case he has waived it by his consent that judgment be entered in any state or county." (p. 487.)

Those conclusions were not mere *obiter dictum,* as is contended on behalf of Kuhn. They were necessary to a determination as to whether the order changing the venue was proper. Lindblom would have been entitled to the change of venue but for the consent in the note. But, if that provision as to venue was valid, he was not entitled to the change. Consequently the validity of the court's order depended upon whether the provision as to venue was void or valid; and

because it was held valid the court's order was held erroneous. In recognizing the policy that is indicated by the statutes which sanction the stipulations or consent of parties in respect to venue, the decision in the *Bobroff Case* is in accord with the conclusions stated in *State ex rel. Schwabacher Bros. & Co. v. Superior Court,* 61 Wash. 681, 683, 112 Pac. 927, to wit:

"The policy of the law [sec. 216 of the statutes relating to change of venue by stipulation], therefore, is that the parties may agree that the place of trial shall be in any county of the state. If the parties may do this after the action is begun, they may certainly do so before; and this is clearly what they did. It is argued by respondent that this agreement in the note is void as against public policy. If the place of trial had been fixed by statute, there would, no doubt, have been force in this position. But, as we have seen above, the policy of this state is that the parties themselves may fix the place of trial in any county of the state, by stipulation in writing or by consent in open court. Cases from states having different statutes are, therefore, not in point, and we are satisfied that the court erred in making the order."

The provision under consideration cannot be considered invalid at this stage of the litigation by reason of Kuhn's assertions that the contract was obtained by fraud. It cannot be considered fraudulent until the fraud or deceit is duly established by competent proof. On the other hand, neither the provision in question nor the court's refusal to change the venue to Shawano county, because of the defendant's residence in that county, precludes the exercise by the court of its power to change the place of trial under the circumstances stated in subs. (2) and (3) of sec. 261.04, Stats. It follows that the writ must be denied.

*By the Court.*—Writ denied.